## STATE *versus* MERRILL.

The charter of the city of Portland authorized the city to establish such by-laws and regulations, not inconsistent with the constitution or laws of the State, as might be needful for the good order of the city.

The establishment of a by-law, imposing a penalty for mutilating any ornamental tree planted in any of the streets or public places of the city, is within the authority granted by the charter.

In a complaint under such by-law, it is not necessary to allege or prove, that the mutilation was malicious, careless or wanton.

Upon the overruling of a demurrer to a complaint or indictment for a misdemeanor, the judgment against the defendant is not a *respondeas ouster*, but is peremptory.

On Exceptions from *Nisi Prius*, Shepley, C. J., presiding.

Complaint for violating an ordinance of the city of Portland, which provided, that " if any person shall mutilate or destroy any ornamental tree planted, or that may be hereafter planted in any of the streets, &c., he shall forfeit," &c.

The complaint alleged, that the defendant, at, on, &c., " did mutilate and destroy a certain ornamental tree, then and there planted and being and growing in the street," &c.

To the complaint the defendant demurred generally.

The Judge overruled the demurrer, and adjudged the complaint to be good, and the defendant excepted.

*M. M. Butler,* for the defendant.

*Barnes,* for the State.

Howard, J. — The city of Portland was authorized by its charter to " ordain and publish such acts, laws and regulations, not inconsistent with the constitution and laws of this State, as shall be needful to the good order of said body politic; and impose fines and penalties for the breach thereof, not exceeding fifty dollars, for any one offence." Special Acts of 1832, c. 248, § 1. Under this general authority, and subject to these restrictions, and certain statute regulations, it could establish all suitable ordinances for administering the government of the city, the preservation of the health of its inhabitants, and the convenient transaction of business, within its limits, and for the performance of the general duties required by law of municipal corporations. Among other things the city was bound to establish, and make suitable streets, and to keep them in such repair, that

they would be safe and convenient for the purposes of legitimate use. Incident to these is the right to protect its streets, and to remove therefrom obstructions, for the convenience of the inhabitants, and the accommodation of business and travel.

By an ordinance of the city, in December, 1833, all persons were prohibited, under penalty of five dollars, to set any trees in any part of the streets, without the consent of the constituted authorities of the city. In February, 1852, the ordinance on which the complaint in this case was drawn, was passed, to prevent the destruction of ornamental trees; and provides that, "if any person shall mutilate or destroy any ornamental tree planted, or that may hereafter be planted in any of the streets, lanes, or other public places within the limits of this city," he shall forfeit and pay not less than three, nor more than fifty dollars. This ordinance, it is contended, was unauthorized and invalid. If so, no offence is charged in the complaint. But it appears to have been intended as a regulation of the prudential concerns of the city, affecting the convenience of the inhabitants. It is not inconsistent with the constitution, nor with the laws of the State. No law of the State authorizes a person to mutilate or destroy ornamental trees planted within the limits of the streets of the city of Portland, or on land not subject to his control. The statute " of malicious mischief and trespasses on property," (R. S., c. 162, § 5,) provides a penalty for *maliciously* or *wantonly* cutting down, destroying or injuring any tree not his own, standing or growing for ornament or use. But this ordinance makes it penal to mutilate or destroy any ornamental tree planted in the city of Portland, even without malice or wantonness. The prohibitions of the statute and the ordinance, and their penalties, are different, and are not in conflict.

Though the owner of land bounded upon a street may own to the centre of it, *ad medium filum viae,* yet that portion covered by the street is subject to an easement of a way, with municipal regulations necessary or suitable to its enjoy-

ment. He cannot invade, or impair the servitude, by planting trees upon the street for his own use or convenience, or by any other appropriation of it to himself, inconsistent with the full enjoyment of the easement, by the public. The city of Portland, it seems, early assumed to control the planting of trees upon its streets, as a needful regulation for the good order and safety of the body politic. And it would appear to be a matter for municipal regulation; as much so as the erection of lamp posts, the construction of fences and reservoirs, and providing public clocks, and as numerous other subjects of undisputed municipal jurisdiction, in which the good order, health and common convenience of the inhabitants are involved. Trees upon the streets which are ornamental, are also useful, and in some seasons of the year, necessary for the comfortable and convenient enjoyment of the streets by the public, and they are, properly, under the care and protection of the city. If one person could mutilate and destroy them with impunity, every other person, under like circumstances might do the same, and thus the city be despoiled of some of its most graceful and useful ornaments, in defiance of its authority and jurisdiction. Such a result would be as undesirable, as it would be anomalous and startling.

Trees planted or growing, under municipal authority and protection, in the streets and public places in cities, are not private property, essentially, but are of public concern, in which the corporations have an interest. Should they, however, become injurious to the public, or to an individual, they may be adjudged nuisances, and as such, be removed or abated. R. S., c. 164, § § 7, 8, 9; c. 1, § 3, rule 13. When this subject is not regulated in towns by by-laws, as it may be, (R. S., c. 5, § 22,) the right of an individual to plant and remove trees, upon his own soil, over which the public have an easement, may be less restricted than when subjected to municipal regulations. But in populous villages, and cities, where the easement must necessarily extend over the entire way, as located, then, in order to secure its uninter-

rupted enjoyment, municipal restrictions upon individual rights, may become a matter of necessity, policy and duty. The ordinance in question was authorized, and is neither unreasonable nor invalid.

The complaint sets forth the misdemeanor described in that ordinance, and alleges facts necessary to constitute the offence, and is sufficient in law. The demurrer is overruled, and final judgment must be entered against the defendant. For it has been settled, in misdemeanors, that, if the defendant demur to the indictment, and fail on argument, the decision will operate as a conviction. But in capital cases, and in every case of felony, under the English law and practice, he would have judgment of *respondeas ouster*, if his demurrer to the indictment were adjudged against him. 2 Hale, P. C. 257; Hawk. b. 2, c. 31, § 7; 1 Chitty's C. L. 360, \*442; *The King* v. *Gibson*, 8 East, 112.

SHEPLEY, C. J., and TENNEY, WELLS and APPLETON, J. J., concurred.