·KNOX CITY, Appellant, v. W. T. THOMPSON, Respondent.

St. Louis Court of Appeals, November 24, 1885.

1. MUNICIPAL CORPORATIONS—POWERS OF.—Municipal corporations possess no powers except such as are expressly or by necessary implication granted in the instrument of their creation.

2. ―――― STATUTES—CONSTRUCTION OF.—Where general words are preceded by particular words, in a statute, the former are to be construed as applying only to the persons or things particularly named.

3. ―――― LICENSE POWERS.—The statute granting the power of licensing and regulating dram shops, public shows, theatrical and other amusements, can not be extended to include the power of licensing wagons run for hire, by virtue of a general clause at its close granting power to pass other ordinances for the police regulation of the towns.

4. ―――― TAXES—REVENUE—ORDINANCES.—An ordinance which imposes a license fee of twenty-five cents per wagon, and an additional license tax of two dollars for each six months is, as matter of law, an ordinance for revenue purposes.

5. ―――― POLICE POWER.—Police powers conferred by section 5010 of the Revised Statutes, can not be used for purposes of revenue.

APPEAL from the Knox County Circuit Court, BEN. E. TURNER, Judge.

*Affirmed.*

W. C. HOLLISTER and CHESNEY & SANDERS, for the appellant: All occupations, callings, and business, not exempted by statute, may be subject to a municipal taxation or license. *Am. U. Ex. Co. v. St. Joseph*, 66 Mo. 675; *Glasgow v. Rowse*, 43 Mo. 479. There is no restriction on the power of the government to tax occupations unless expressly imposed by the constitution. Desty, Tax'n, 303 sect. 64; *Butler's App.*, 73 Pa. St. 448; *Dusach's App.*, 62 Pa. St. 491. In the case at bar the plaintiff not only has "the police power of regulation" but "the taxing power." *St. Louis v. Green*, 7 Mo. App. 468; *St. Louis v. Green*, 70 Mo. 562;

*St. Louis v. Knox*, 6 Mo. App. 247. The law universal applies the power in every municipality to pass all proper ordinances which are necessary to carry out and enforce other specially given powers. *Commonwealth v. Gage*, 114 Mass. 328; Dillon, Mun. Corp. (2 Ed.) sect. 82; *Mills v. Gleason*, 11 Wis. 470; *State v. Madison*, 7 Wis. 688; *Commonwealth v. Pittsburg*, 41 Pa. St. 278; *Commonwealth v. Pittsburg*, 34 Pa. St. 496; *R. R. Co. v. Evansville*, 15 Ind. 395; *Galena v. Corwith*, 48 Ill. 423; *Police Jury v. Britton*, 15 Wall. 566; 82 U. S. XXI. (Law Ed.) 251. But if this charter provision be simply a general grant of power over police, and the regulation of the police of the town, the question arises, what is included in the police regulations of a city? Clearly the regulation of vehicles for hire is, and as one of the best means of regulation the licensing of such vehicles is. As to what is police regulations, see, *Slaughter House Cases*, 16 Wall. 36; 83 U. S. XXI. (Law Ed.) 394; *Commonwealth v. Alger*, 7 Cushing 84; *Thorp v. R. R. Co.*, 27 Vt. 149; *Allerton v. Chicago*, 13 Chi. L. News, 110; *Lake View v. Rose Hill Cem. Co.*, 70 Ill. 191; *Chicago Prov. Co. v. Chicago*, 88 Ill. 221.

L. F. Cottey, for the respondent: A municipal corporation has no inherent power to levy taxes; the power of taxation can not be assumed by a corporation unless the charter plainly confers it, and the grant of power must be plain and unmistakable. The power of the municipal authorities is exclusively confined to the limits prescribed by the charter. 2 Desty, Tax'n, 1053, 1382; Dillon Mun. Corp. (2 Ed.) secs. 251, 295; Cooley Const. Lim. (3 Ed.) 201; *St. Louis v. Knox*, 6 Mo. App. 247; *St. Louis v. Green*, 7 Mo. App. 468; *St. Charles v. Nolle*, 51 Mo. 122; *Kiley v. Oppenheimer*, 55 Mo. 374; *Leach v. Cargill*, 60 Mo. 316; *Cameron v. Stephenson*, 69 Mo. 372; *St. Louis v. Green*, 70 Mo. 562; *City of Kansas v. Swope*, 79 Mo. 446. A license is issued under the police power, but the exaction of a license fee with a view to revenue would be an

exercise of the power of taxation, and the charter must plainly show an intent to confer that power or the municipal corporation can not assume it. If they have the right to issue the license at all, they can only charge the actual and necessary expense attending its issue. *St. Louis v. Boatmen's Ins., etc., Co.*, 47 Mo. 150; *North Mo. R. R. Co. v. Maguire*, 49 Mo. 490; 32 N. Y. 261, and 273; Dillon Mun. Corp. (2 Ed.) sects. 291, 292, 293; Cooley Const. Lim. (3 Ed.) 201. The real test of all ordinances passed by an incorporated body is the intention of the legislature in granting the charter. Corporations can not make ordinances contrary to their constitutions. *Wolcott v. Lawrence Co.*, 26 Mo. 272; *Ruggles v. Collier*, 43 Mo. 353; *Steines v. Franklin Co.*, 48 Mo. 167.

ROMBAUER, J., delivered the opinion of the court.

The defendant was prosecuted before the chairman of the board of trustees of the town of Knox City, for running a wagon for hire, within the village, in violation of its ordinances. He was found guilty and fined.

Upon an appeal taken by him to the circuit court, the complaint and prosecution was by that court dismissed upon the plaintiff's motion. From this judgment of dismissal the village has appealed to this court.

The only question presented for our consideration is the legal validity of so much of the ordinance, as affects the proceeding against the defendant.

It stands admitted by the record that the plaintiff is a village, incorporated under the provisions of article six, chapter eighty-nine, of Revised Statutes, entitled "Of Villages."

If, under the provisions of that law, the plaintiff was not empowed to pass an ordinance requiring vehicles to be licensed, the judgment must be affirmed, because it is an elementary proposition, that corporations of this class possess no other powers than those granted in the instrument of their creation, either in express terms, or by necessary implication. *Ruggles v. Collier*, 43 Mo. 376; *Thompson v. Schermerhorn*, 6 N. Y. 2 Seld. 92.

That vehicles were not authorized to be licensed for the purposes of revenue clearly appears from section 5010, Revised Statutes, which section contains the only grant to pass by-laws and ordinances which this village can claim. The grant contained in that section confines its power in that behalf to licensing and regulating dramshops and tippling houses, public shows, circuses, theatrical and other amusements. Nor can any extension of this grant be claimed, so as to include the licensing of vehicles, by the general clause at the close of the section, which gives to the village power "to pass such other by-laws and ordinances for the regulation and police of such town and commons thereto appertaining as they shall deem necessary, not repugnant to and contrary to the laws of the state." The meaning of that clause is to be determined by the established principle of construction, that when general words follow particular ones, the rule is to construe the former as applicable to things or persons particularly mentioned. Sedg. Stat. & Const. Law. 423 ; *St. Louis v. Laughlin,* 49 Mo. 561 ; *Sandiman v. Beach,* 7 B. & C. 99.

Some of the cases cited in the elaborate brief and argument filed in this case by the appellant's counsel, are not at all in conflict with the rule as laid down in *St. Louis v. Laughlin, supra.* In *The State v. Merrill* (37 Me. 329), the power conferred on the city of Portland was in general terms only "to ordain and publish such acts, laws and regulations, * * * as shall be needful to the good order of said body politic." In *Heisembrittle v. City Council* (2 McMullan [S. C.] 233), the grant was likewise in general terms only : "To pass every by-law or regulation that shall appear to them requisite for the security, welfare, and convenience of the said city, or for the preserving peace, order, or good government within the same."

The point here considered did not arise in either case. It is true that in *The State v. Clark* (28 N. H. 176), and *The State v. Freeman* (38 N. H. 426), the general clause under which the power was claimed,

did follow the enumeration of certain specified powers, and the question was ignored by the court, although the point was clearly made by brief of counsel. It is needless to say, however, that if these two cases are authorities contrary to the views announced in *St. Louis v. Laughlin*, they must yield to the superior authority of our own courts.

The additional claim advanced by the appellant, that the power to license vehicles is one of the general police powers of the village, and that the validity of the ordinance, as far as it affects the defendant, may be sustained on that theory, is likewise untenable.

What police powers the village may exercise, are likewise defined in section 5010, in detail, and the rule herein above announced would limit its powers to pass ordinances for the purposes of police, no less than ordinances for the purposes of revenue. But, beyond this, the ordinance in question is, upon its face, one for revenue, subjecting the licensee, over and above the cost for issuing the license, which is fixed at twenty-five cents, to a tax of two dollars per six calendar months or the fraction thereof, for the privilege of exercising his vocation. In that regard the case is almost identical with *St. Louis v. Green* (7 Mo. App. 468), where an ordinance of this character was held to be an ordinance for revenue. The case of *St. Louis v. Boatmen's Ins. & Trust Co.* (47 Mo. 151), the authority of which has never been been questioned, is conclusive on that point.

In view of the above, we must conclude that the plaintiff had no authority to exact a license tax from the defendant, and that the ordinance relied on as conferring that authority, was to that extent beyond its charter powers, and void.

It results that there was no error in the action of the trial court in dismissing the plaintiff's complaint, and its judgment must be affirmed. It is so ordered. All the judges concur.