The court held.
(1.) That .the intention of the New York, Lake Erie and Western Railroad Company was to secure the voting power of a majority of the stock of theC. II. & D. R.R. Co., so as to control the election of directors of that company. (2). That Mr. Jewett had no person al interest in the stock or in the contracts, and that the agreement virtually made the New York, Lake Erie and Western Railroad Company the owner of the stock so registered in the name of Jewett; and (3.) That the New York, Lake Erie and Western Railroad Company *456 could not by such an arrangement put itself in a position where it could validly vote upon the stock.
On this point rhe court say': “ The law has confided the care of the franchises and property of this company to the stockholders, and it is the duty of each stockholder to vote for directors of the company with an eye single to its best interests. Here a large number of the stockholders for a valuable consideration have attempted to confer their right to vote upon the directors of another company.....A sale by a stockholder of the power to vote upon his shares is illegal for very much the same reason that a sale of his vote by a citizen at the polls, or h)*- a director of a corporation at a meeting of the board, is illegal. . . . Both upon the grounds that the power is denied to one corporation thus to acquire control of another, and that the stockholder cannot barter away the right to vote upon his stock, wo hold these contracts are void.”
The court further held that the plaintiff was not estopped by acquiescence or knowledge from maintaining the suit; and that the contract was not such an executed legal contract as put it beyond the power of a court of equity to interfere therewith ; but executory, so far as the relief now sought was concerned.
In meeting the objection that plaintiff had not shown pecuniary injury by reason of the contract and that as he was not a party to it, he could not be granted relief, the court add : “ To this it is sufficient to say that each stockholder in a company has a right to a fair and legal election of the directors (State v. Bonnell, 35 O. S. 10), and if one could not resort to a court of equity to prevent unfairness when ho had reason to apprehend it, and if he could show pecuniary injury, he might he made the victim of any sort of fraud or conspiracy without oven a remedy in damages after the injury was done. We therefore conclude that the plaintiff is entitled to have his motion for a temporary injunction, as prayed in bis petition, granted.”
In reference to the cross-petition of the New York, Lake Erie and Western Railroad Company,—that if the contract to give a proxy to their appointees could not be upheld, Mr. Jewett, in whose name the stock was registered should be enjoined from voting on it,—the plaintiff objected to any relief being granted this defendant because the latter was one of the parties to the illegal contract, and as such not entitled to any equitable remedy.
On this point the court say : “But such is not the law when the relief is sought against the act of an agent or trustee of one of the parties to an illegal agreement. ... It is further to be said that, in case whore a party, directly against the other party to an illegal contract not yot executed, seeks relief such as. tends to prevent the *457 execution of the contract, it will be granted; as said by the supreme court of the United States in Spring Co. v. Knowlton, 103 U. S. 49, 60,*
there is a locus pmmiientim, and the New York, Lake Brie and Western Railroad Company as to that part of the relief asked for which we are now considering, occupies the position of a penitent. The plaintiff seeks to enjoin the execution of this contract on the ground that it is illegal, and we have found it to be so. That the casting of this vote by Mr. Jewett, in his discretion, would be not less illegal than if he were to cast it according to the direction of the company for whoso benefit he received the right. The authorities cited show that it is not permitted either to a corporation or to an individual to purchase the right to vote upon corporate stock.
“These decisions are, in our judgment, applicable to this case, and the motion of the New York, Lake Brio and Western Railroad Company to restrain Mr. Jewett from casting any vote upon the stock of the company at the ensuing, or any other election, is granted.”
(Reported in 14 Cin. Law Bul. 68.)

 Which affirmed 14 Blatchf. C. Ct. 364.
For a different view of this subject see the adverse decision of the N. Y. Commission of Appeals in the same controversy. Knowlton v. Congress, &c. Spring Co., 57 N. Y. 518, 528.
Decision in 103 U. S. examined and disting’d (Recovery back of money paid illegally) in Birket v. Chatterton, 13 R. I. 302 ; s. c., 12 Reporter, 441. See also Smart v. White, 37 Me. 332; s. c., 40 Am. R. 356. Decision in 57 N. Y. quoted in 2 Greenl. on Ev. 14 ed. § 111, n. a.