THE STATE EX REL. DANIEL O'C. TRACY, REGISTER, Respondent, v. PATRICK J. TAAFFE, Appellant.

### St. Louis Court of Appeals, April 19, 1887.

1. MANDAMUS—TITLE TO OFFICE.—Mandamus is not the proper remedy to try the right to an office, the title to which is in dispute, either in a direct or in a collateral proceeding.

2. ——— JUSTICE OF THE PEACE—DISQUALIFICATION.—The statute which provides for the delivery, by a justice of the peace, of his books to the county clerk or to the city register, has no application to a case where the justice either holds over or claims title to the office by re-election.

3. STATUTES, CONSTRUCTION OF—QUALIFYING CLAUSES.—The term "otherwise disqualified," when used in a statute, is limited in its meaning by the preceding clauses showing the character of the disqualification referred to.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed and writ dismissed.*

DYER, LEE & ELLIS, for the appellant.

LEVERETT BELL and FRANK K. RYAN, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

This is an appeal from a judgment awarding a writ of peremptory mandamus against the defendant, commanding him to deliver all the books, papers, etc., appertaining to the office of justice of the peace of the fifth district of the city of St. Louis, in his possession, to the relator, who is register of the city of St. Louis.

The judgment was made upon petition, writ, and return, and can not stand unless supported by the allegations of the writ, and admissions of the return.

The writ states, that the relator is register of the city of St. Louis, and that the defendant is one of three justices of the peace elected in the fifth district of the city of St. Louis, at the general election of 1882, for a term of four years, and until his successor was duly elected, commissioned, and qualified. It further states that, at the general election in November, 1886, one Patrick Kane was duly elected the successor of the defendant, and, as such, received a certificate of election, and that it is provided by the general statutes of the state, that, whenever a justice of the peace shall resign, move out of the township, or be otherwise disqualified, if the same happen in the city of St. Louis, he shall immediately thereafter deliver to the city register, all dockets, records, books, papers, and documents per-

taining to his office.   It further states that the relator demanded such books, etc., from the defendant, and that the latter refuses to surrender them, wherefore, he is commanded to show cause, etc.

The return, in showing cause, denied that the relator is entitled to the custody of the books, denies that the said Kane was elected as a successor of the defendant, and admits that a certificate of election was issued to the said Kane.   The return for further cause shows that the defendant, himself, was lawfully and duly elected as his own successor, as justice of the peace in the said fifth district, at the general election in November, 1886, and claims that, as such, he is entitled to the custody of such books and papers.

The relator moved for judgment upon the return which motion the court sustained, and awarded a peremptory writ as above stated.

Two questions arise :   (1) Is the relator entitled to the custody of the books upon the recitals contained in the writ, and a proper construction of the statute under which he claims ?   (2) If so, does the return show, affirmatively, cause for denying it ?

I.   The statute reads, "whenever a justice of the peace shall resign, move out of the township, or be otherwise disqualified, he shall immediately thereafter, * * * if in the city of St. Louis, deliver to the city register all dockets, records, books, etc." This provision does not include, by any authorized construction, a case where the incumbent's term expires by lapse of time.   The words, otherwise disqualified, are limited, by the preceding specific statement of the character of the disqualifications intended, to disqualifications of the same class and character.   Sedgw. Stat. and Const. Law, 423 ; *St. Louis v. Laughlin,* 49 Mo. 561 ; *Knox City v. Thompson,* 19 Mo. App. 526.

II.   If any additional reason were needed to show that the recognized legal construction carries out the actual intent of the law-givers in this instance, it is

furnished by the other facts stated in the return which disclose an existing legal controversy as to the title to this office. The statute could not possibly have contemplated that the city register, who is a mere clerk, should settle such controversies by *mandamus*. *Mandamus* is not the proper remedy in any case to determine collaterally the title to office. *The State ex rel. v. Auditor*, 34 Mo. 375; s. c., 36 Mo. 70; *Winston v. Moseley*, 35 Mo. 146. Nor is it the proper remedy to determine such title in a direct proceeding. *The People v. Stephens*, 5 Hill, 616, 629; *Bonner v. The State*, 7 Ga. 473; High on Mand., sect. 49, and cases cited.

That an inconvenience may arise, in the determination of the question, in some other appropriate proceeding, as to whether Kane, or the defendant, has been duly elected to this office, owing to the fact that three justices are elected for this one district, at the same time, each being elected for the whole district, is very probable. That fact, however, does not authorize us to supply defective legislation by unwarranted judicial construction. We have passed on this point, at the present term, in *Taaffe v. Ryan* (*ante*, p. 563); following the ruling of the supreme court in *The State ex rel. v. Dillon* (87 Mo. 487).

Being of opinion that the facts stated in the petition and writ, and the proper construction of the statute relied on by the relator, did not warrant the issue of the writ, we must reverse the judgment.

The judgment is reversed and the writ dismissed. Thompson, J., concurs; Lewis, P. J., is absent.