| 59 | 41 |
| o83 | 668 |

STATE OF MISSOURI *ex rel.* HENRY BRUCK, Respondent,
v. EMIL S. GIOVANONI, Appellant,

### St. Louis Court of Appeals, October 9, 1894.

1. **Municipal Corporations:** CITY OF ST. LOUIS: DETERMINATION OF
ELECTIONS OF MEMBERS OF ASSEMBLY. Though the charter of a
municipal corporation provides that a municipal body shall be the
sole judge of the qualifications, elections and returns, of its members
(as is the case under the charter of the city of St. Louis), the courts
may, nevertheless, exercise a supervisory control in the matter when
such body departs from or exceeds the powers conferred upon it.

2. ———: QUO WARRANTO: BURDEN OF PROOF. In *quo warranto* pro-
ceedings the burden is upon the defendant to show title to the office
in question. Under this rule a default to the information admits the
usurpation, and must necessarily result in a judgment of ouster.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Leverett Bell* and *Jesse A. McDonald* for appellant.

The action is *quo warranto* to determine the right
of the appellant to membership in the house of dele-
gates of St. Louis. The charter of the city provides
that the house shall be sole judge of the qualifications,
elections and returns of its own members. R. S.
p. 2093, art. 3, sec. 8. This provision is exclusive and
operates to prohibit the courts from inquiring into
the right of one to a seat in said body. McCrary on
Elections, sec. 345; Paine on Elections, sec. 808;
*Henry v. City Council,* 42 N. J. 335; *People v. Metzker,*
47 Cal. 524; *Linegan v. Rittenhouse,* 94 Ill. 208; 1 Dil-
lon on Municipal Corporations [4 Ed.], sec. 202.

*W. M. Kinsey* for respondent.

BIGGS, J.—This is an information, in the nature of a *quo warranto*, to determine the right of the defendant to the office of delegate to the municipal assembly of the city of St. Louis. The information was exhibited by the city attorney of the city. It was averred substantially that on the twenty-first day of June, 1893, the relator had been duly elected a delegate to the municipal assembly of said city from the fifth ward; that the recorder of voters for the city had issued to him a certificate to that effect, and that he had qualified by taking the prescribed oath of office; that afterwards, to wit, on the fourteenth day of September, 1893, the municipal assembly being then in session, the relator presented his said certificate of election, with evidence that he had taken the oath of office, to the speaker of the house of delegates, and demanded a seat in that body as the duly elected delegate from the fifth ward, and that this demand and right were refused to him. It was then averred that the defendant, at the time of filing the information, was wrongfully and illegally assuming to and did exercise the rights and franchises of the office to which the relator had been elected. Judgment of ouster was prayed.

On application of the defendant the venue of the cause was changed to the circuit court of St. Louis county, where judgment of ouster by default was entered. The defendant has appealed.

By the scheme and charter, the legislative power of the city of St. Louis is vested in a council and a house of delegates styled the "Municipal Assembly of the city of St. Louis." The charter, in defining the powers and duties of the two branches, provides that "each house shall appoint its own officers, except the

president of the council, and shall be sole judge of the qualifications, elections, and returns of its own members," etc.    Scheme and Charter, art. 3, sec. 8, R. S. 1889, p. 2093.

It is insisted by the appellant that the judgment of ouster against him is void, for the reason that exclusive cognizance of the qualifications and election of delegates to the municipal assembly of the city is, by virtue of the foregoing provision of the charter, vested in the house of delegates.    It may be conceded for the purpose of this case that the weight of authority in this country is to the effect that, by the use of the word "sole" in the above section of the charter, exclusive jurisdiction was conferred on the house of delegates to decide upon the legality of the election of its own members.    But no case, of which we are advised, has gone so far as to hold that common law courts have no supervisory control in such matters, when it appears that the subordinate tribunal has departed from, or exceeded, the power given in the charter.    All of the authorities are to the contrary.    *Kendell v. The City Council of Camden*, 47 N. J. L. 64.    Therefore it can not be said that the circuit court was entirely without jurisdiction of the cause.

The appellant made no return, but suffered a judgment of ouster by default to go against him.    The record nowhere shows the circumstances under which he held the position.    It only appears from the information that he *unlawfully exercised* the office of delegate.    It is the well settled law that in *quo warranto* proceedings the burden is on the defendant to show title to the office.    *State ex rel., etc., v. McCann*, 88 Mo. 386.    Under this rule a default to the information admits the usurpation, and must necessarily result in a judgment of ouster.    The question is whether the de-

fendant is an intruder, and not whether the relator is legally entitled to the place.

The judgment of the circuit court will be affirmed. Judge ROMBAUER concurs; Judge BOND concurs in the result.