THE CITY OF MARIONVILLE TO THE USE OF SAMUEL GRUBAUGH, Respondent, v. WILLIAM HENSON, Appellant.

St. Louis Court of Appeals, February 25, 1896.

1. **Special Taxes:** SIDEWALKS IN CITY OF FOURTH CLASS: NECESSITY FOR PETITION OF LANDOWNERS. When an ordinance of a city of the fourth class relates exclusively to the construction of the sidewalks of a street, no petition of the owners of land fronting on the street is essential to its validity, or to that of a special tax bill issued for the improvement authorized by it; for the statutory amendment of 1893, which requires such a petition for the construction or reconstruction of a street, does not extend to sidewalks.

2. ———: LEVYING OF TAX. An ordinance providing for the levy of such a tax is not essential to the validity of a tax bill issued since said statutory amendment.

3. ———: OPPRESSIVENESS OF ORDINANCE FOR RECONSTRUCTION OF PAVEMENT. Municipal authorities are beyond the control of the courts in the exercise of a power which is expressly granted to them. Accordingly, the courts will not declare the ordinance of a city of the fourth class for the reconstruction of a sidewalk invalid on the ground that such reconstruction is unnecessary and that the ordinance is, therefore, oppressive and unreasonable.

4. ———: NONPREJUDICIAL DEVIATION FROM ORDINANCE. An ordinance provided for the reconstruction of a pavement partly with bricks and partly with planks. The brickwork was duly let, but the bid for the plankwork was rejected as too high, and the city did this work for less than the amount of it. The cost of the whole pavement was then duly apportioned against all the property fronting thereon, and in this way land fronting on the brick pavement was charged less than if it had been charged with the entire cost of such pavement and none of the cost of the plank pavement. *Held*, that the deviation did not invalidate a special tax bill issued against such land for its proportionate part of the cost of the whole pavement.

*Appeal from the Lawrence Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED.

*W. D. Roper* and *Henry Brumback* for appellant.

*C. C. Matlock* and *William B. Skinner* for respondent.

ROMBAUER, P. J.—This is a suit upon a special tax bill, issued to the substantial plaintiff Grubaugh by the nominal plaintiff, the city of Marionville, which was at the date hereinafter stated a city of the fourth class. The object of the suit is to enforce a lien on the defendant's lot for its proportionate liability for the cost of constructing a brick sidewalk on Odell street, on which said lot fronts. The defenses interposed are that the doing of the work was not authorized by law, that the ordinance under which it purports to have been done was invalid, unreasonable, and oppressive, and that the work was defectively done. The cause was tried by a jury. The court at the close of the evidence instructed them to find for the plaintiff for the full amount of the special tax bill, provided they found that the sidewalk built by plaintiff was constructed substantially as required by ordinance 48 of the city of Marionville. The jury found for the full amount of the bill. From

the judgment entered upon this verdict the defendant appeals, and assigns for error that the plaintiff has failed to show any right of recovery, and that the instruction thus given was erroneous in any event.

The main defense interposed in the trial court, and urged here, is that at the date when the contract was let, and the work was done thereunder, there was no ordinance in force authorizing the doing of the work, because a majority of the resident property owners on the street had not petitioned that it be done. As this defense, if established, necessarily defeats any recovery, we will proceed to examine it before proceeding to the examination of other questions presented.

The ordinance, under which the work in question was done, was passed on the sixth day of February, 1893. The ordinance was passed under the provisions of section 1592 of the Revised Statutes of 1889, which authorized a street improvement to be provided for by a city ordinance, and its costs to be charged as a special tax on the property fronting on the street thus improved, without a preceding petition of the property owners interested. On the sixteenth of March, 1893, the legislature amended section 1592, *supra*, imposing such a limitation upon the power of the board of aldermen in passing ordinances for certain street improvements. Laws, 1893, p. 107. This amendment went into effect on the twenty-second day of June thereafter. The defendant claims that the amendment *eo ipso* rendered any street improvement made under an ordinance passed without a preceding petition illegal, and, as it is conceded that all the work for which this special tax bill issued was done subsequent to June 22 under an ordinance not petitioned for, there can be no recovery on this special tax bill.

For the purpose of making the point thus raised intelligible, we here insert such portions of the section

as bear on the present controversy. The addition added by way of amendment in 1893 is the one appearing in italics.

"*The board of aldermen shall have power, by ordinance, to cause to be graded, constructed, reconstructed, paved, or otherwise improved and repaired, all streets, sidewalks and alleys and public highways and parts thereof, within the city, at such time and to such extent, and of such dimensions, and with such materials, and in such manner and under such regulation as shall be provided by ordinance; and all ordinances and contracts for such work shall specify how the work shall be paid for; and in case the payment is to be made in special tax bills, as hereinafter provided, the city shall in no event be liable for work thus paid for; provided, however, that no street, avenue, alley or public highway, or any part thereof, shall be graded, constructed, reconstructed, paved or macadamized at the expense of property holders owning the property fronting on such street, avenue, alley or public highway, or part thereof proposed to be graded, unless a majority of the resident real estate owners, in front feet, on such street, avenue, alley or public highway, or the part thereof proposed to be graded, constructed, reconstructed, paved or macadamized, shall petition the said board of aldermen to have such street, avenue, alley or public highway, or a part thereof, graded, constructed, reconstructed, paved or macadamized. When a majority of the resident real-estate owners, in front feet, on such street, avenue, alley, public highway, or a part thereof, petition the board of aldermen to have such street, alley, avenue, public highway, or a part thereof, graded, constructed, reconstructed, paved or macadamized,* then the same shall be done in the manner and with the materials to be designated in such ordinance, at the owner's or occupier's expense, and collected by special tax bills, which shall be a lien on the property, and

shall be collected as provided by ordinance  *  *  *.
Such special tax bills shall, in any action thereon, be
*prima facie* evidence of the regularity of the proceed-
ings for such special assessments, of the validity of the
bill, of the doing of the work and of the furnishing the
materials charged for, and of the liability of the prop-
erty to the charge stated in the bill. When any work
shall be completed under the authority of this article,
the city engineer or other officer having in charge the
work shall compute the cost thereof, and apportion the
same among the several lots or parcels of land to be
charged therewith, and charge each lot or parcel of
property with its proper share of such costs, according
to the frontage of the property. The city engineer, or
the officer for the time being discharging the duties of
that office, shall, after so apportioning and charging
the costs of any work, make out and certify special tax
bill or bills according to such apportionment, and
charge in favor of the contractor to be paid, against
the parcels of land charged; and in any suit or pro-
ceeding to enforce the collection of such special tax
bill or bills, it shall only be necessary for the owner
thereof to charge in the petition that such an amount
is due by the defendant to the plaintiff for a certain
improvement, specifying the same, made by virtue of
certain ordinances, giving their title and dates of adop-
tion only.  *  *  *  Such tax bills may be paid in
three annual installments, one third in one year, one
third in two years, and one third in three years, from
the issue thereof—each payment to bear not exceeding
ten per cent interest per annum from date of issue to
date of payment: *Provided*, that the owner of any lot
or parcel of ground fronting on such street, avenue,
square, gutter, curb, alley, sidewalk or part thereof (to)
be improved shall, within ten days of the letting of the

contract of such work, notify the city clerk in writing that he desires to pay for the same in three annual payments. In such cases the city clerk or other proper officer shall make out three special tax bills, which shall be signed by the mayor and attested by the city clerk, each for one third part of the cost of such work."

A glance at this amendment will show that it was not intended to affect the power of the board of aldermen to have *sidewalks* constructed or reconstructed *without* any preceding petition of the resident property owners. The first part of the section as it was in 1889, and as it remained even after the amendment of 1893, speaks of all improvements including sidewalks, but the proviso which contains a limitation of the power omits sidewalks. This is not an omission which can be supplied by judicial construction, since it is evident that the omission was not accidental, but intentional. The legislature has always recognized sidewalks as standing on a different plane from other street improvements. We take judicial notice that they are placed on a different footing by the charter of the city of St. Louis, and take notice that, when the general charter of cities of the fourth class was revised in 1895, requiring a preceding publication of all contemplated street improvements, the law excepted sidewalks by providing that "no such publication shall be necessary for the making of any sidewalks." Laws, 1895, p. 87.

We must, therefore, conclude that, even conceding that the amendment of 1893 was retrospective in its operation and invalidated existing ordinances which were not passed in conformity with its requirements, yet the amendment neither in terms nor by necessary implication rendered an ordinance invalid which related exclusively to sidewalks, and which was passed without a preceding petition of property owners affected. Ordi-

nance number 48, under which this work was done, related exclusively to sidewalks.

As to the necessity of a brick sidewalk at the place in question evidence was introduced *pro* and *con*. Evidence was likewise introduced *pro* and *con* as to the condition of the plank sidewalk, which was ordered to be removed by the ordinance and supplanted by the brick sidewalk. This was evidently done for the purpose of showing that the ordinance, requiring this work to be done as chargeable on the adjoining property, was unreasonable and oppressive and subject to be vacated on that ground by the courts within the rule established in *Corrigan v. Gage*, 68 Mo. 541. This rule, as applicable to the facts shown by the evidence, was invoked by the defendant in the following instruction, which the court refused to give:

"If you believe from the evidence that on June 6 and July 13, 1893, defendant Henson had already in existence a plank sidewalk on and along the south side of Odell street in the city of Marionville in front of his lot 122, in block 28, in College addition, and that such plank sidewalk with proper and moderate repairs was adequate and sufficient to the uses and necessities of said city and her citizens for a sidewalk in front of such lot, and that thereafter the said city caused such plank sidewalk to be torn up and a brick one constructed in its place, and that such acts were unreasonable and oppressive exercise of the discretion of the board of aldermen by reason of putting said Henson to unreasonable and uncalled for expense, then you must find for the defendant."

The power of constructing sidewalks and charging their costs on the adjoining property is expressly conferred by the provisions of section 1592 of the Revised Statutes of 1889 on the board of aldermen of cities of the fourth class. The amendments of 1893, besides

using the word construct, use the word reconstruct likewise. We have held in the case of *Skinker v. Heman*, 64 Mo. App. 441, that, where a power touching local improvements is expressly granted to municipal authorities, they are in the exercise of it beyond the control of the courts. The cases of *McCormack v. Patchin*, 53 Mo. 36, *Farrar v. City of St. Louis*, 80 Mo. 379, and *Estes v. Owen*, 90 Mo. 113, admit of no other construction. We are bound by the last controlling decision of the supreme court, notwithstanding the contrary intimation to be found in *Corrigan v. Gage, supra*. We have certified the *Heman* case to the supreme court, because we were in doubt whether the rule should be extended to cases where the power is granted by implication only. If the necessity or propriety of such improvements had to be tested in each individual case by juries, the question whether they should be made would be determined by their discretion, and not by the discretion of the municipal authority. We must, therefore, conclude that the instruction was properly refused.

The next complaint of appellant is that the recovery is unwarranted, because it appears by the uncontroverted evidence that the sidewalk in question was not built in conformity with ordinances authorizing it for the following reasons: Ordinance 48 provided for a sidewalk built partly of plank and partly of brick, and provides further that the contract should be let to the lowest responsible bidder. It appeared, without contradiction, that only the part of the sidewalk to be built of brick was let to the lowest bidder. The contract for the plank sidewalk was attempted to be let, but, the only bid received being found too high, it was rejected and the work was done by the city itself under the supervision of its engineer. It also appeared without contradiction that the city

had the work done at a cost fifteen per cent less than the bid of the only bidder for the work. When the city engineer came to compute the cost, he computed the cost of the entire sidewalk and assessed against the defendant's lot only that fractional part thereof which its frontage bore to the entire cost. As the cost of the plank sidewalk was less per foot than that of the brick sidewalk, the defendant received a slight benefit by this mode of apportionment.

In *Sheehan v. Owen*, 82 Mo. 458, the engineer had omitted to exhibit profiles of the work preparatory to receiving bids, as was required by the ordinance. In disposing of this objection the supreme court said: "We do not think that plaintiff should, as defendant would have him, sustain such a loss for the omission of the city officials to do an act, which, done or omitted, could not materially have affected defendant's interests." And, again: "We are not inclined to turn a plaintiff out of court who has given his time and expended his money in the improvement of their (the defendant's) property on mere technicalities which in no manner affect the substantial rights or interests of the parties." The same view was taken in *Cole v. Skrainka* by the majority of this court (37 Mo. App. 427), and by the supreme court (105 Mo. 303). We may add, in this connection, that the city engineer was expressly authorized by a subsequent ordinance, number 50, to have the plank sidewalk constructed under his supervision. How was the defendant substantially injured by this mode of proceeding? Had the city approved the bid for the sidewalk, the charge upon his lot would have been so much greater. Had the engineer apportioned the cost of the brick sidewalk only, the charge upon plaintiff's lot would have been so much greater. Shall we reverse the judgment and remand the cause in order to have a new apportionment subjecting the defend-

ant's property to a greater liability? It must be borne in mind that an ordinance may be good in part and void in part, and that the defendant could in no event be discharged from paying his share of the cost of the brick sidewalk.

Touching the objection, that the engineer issued one tax bill instead of three, we need only say that the defendant never requested the subdivision of the charge into three bills, and hence has no cause to complain.

Our attention has been called to the case of *City of Westport ex rel. v. Mastin*, 62 Mo. App. 647, as precluding a recovery in this case on the ground that no ordinance was shown "levying this tax" prior to the date when the tax bill was issued.

That case was decided on a construction of section 1592, as it stood before the amendment of 1893. As the tax bill sued on was issued long after that amendment went into effect, and, as the law in force when it was issued required no antecedent levy of a tax by ordinance, the case has no application.

What we have said hereinabove disposes of all substantial objections made upon the trial and in this court. To enter more into detail would swell this opinion, already necessarily long, beyond its proper limits. We must conclude that the defendant has made no case overthrowing the *prima facie* case furnished by the tax bill, and that there is no warrant for the reversal of the judgment.

All the judges concurring, the judgment is affirmed.