STATE EX REL. WILLIAM VOGEL, Respondents, v.
E. BERSCH ET AL., Appellants.

### St. Louis Court of Appeals, March 27, 1900.

1. **Mandamus:** PEREMPTORY WRIT: DEMURRER: PLEADING
AND PRACTICE. The motion for a peremptory writ of mandamus,
in the case at bar, was in the nature of a demurrer to the return
and admitted all the facts well pleaded in the return.

2. **Ejusdem Generis:** CONSTRUCTION OF STATUTE, RULE OF.
It is a well-established rule of construction that where an enumer-
ation of certain specific things is followed by a general word or
phrase, the word or phrase of general description is to be deemed
to mean things of the same kind or class, and can not include things
wholly different from those specifically mentioned.

3. ———: ———: SELLING LOTTERY TICKETS: MALFEA-
SANCE IN OFFICE: BRIBERY. The offense of selling lottery
tickets is not in its nature or turpitude to be classed with malfea-
sance in office or bribery.

4. **City of St. Louis, Charter of:** MUNICIPAL ASSEMBLY OF THE
CITY OF ST. LOUIS; POWER OF. The municipal assembly is,
by the charter, raised to the dignity of a legislative body, with au-
thority to make laws, in the form of ordinances within the limits
of the powers delegated to it.

5. ———: ———: MANDAMUS: POWER OF COURTS IN CITY
OF ST. LOUIS. The charter makes of the municipal assembly of
the city of St. Louis a miniature co-ordinate branch of the state
government, independent of the judiciary, and its action in the ex-
ercise of its legislative functions, is beyond the control of the courts
by mandamus.

6. ———: ———: ———: HOUSE OF DELEGATES: QUALIFICA-
TION OF MEMBERS: BY COMMON LAW AND CHARTER. It
is solely within the sphere of the house of delegates of the city of
St. Louis to judge of the qualifications of its members both at com-
mon law and by the charter.

7. ———: ———: ———: ———: GENERAL ASSEMBLY. And
the exercise of this judgment can not be controlled by the writ of
mandamus from the judiciary no more than can the action of one
of the houses in the expulsion of a member thereof be controlled by
the judicial department.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

REVERSED AND REMANDED (*with instructions*).

No brief for appellant furnished reporter.

*Chester H. Krum* for respondent.

The return of the appellants to the alternative writ evidenced a degree of effrontery in its makers, which is without parallel in the history of municipal proceedings. *Quaeris Alcidae parem? Nemo est nisi ipse.* The respondent had been duly elected and admitted to the house of delegates as a lawfully elected member. He had been admitted, and his right to his seat conceded by the house, which had passed upon his qualifications. He had been appointed upon committees, had participated in the proceedings, had voted upon measures, and in every way had been confirmed in his seat. Without a hearing, or an opportunity to be heard, the respondent was ousted from his seat and one placed therein who had not been elected, and who had never made, or even suggested, a contest, but also was inducted into the office by petition, addressed to the house. The road to him was easy and all the way down hill. If the acts of the appellants required judgment, it was delivered brawling, unabashed, and the discretion involved was that whose exercise, in comparison, made the masked riders of Hunslow Heath consummate gentlemen. It is not to be wondered that the success of the petitioner probably made him say of the house, as Dr. Boteler said of strawberries: "Doubtless God could have made a better berry, but doubtless God never did," "and so, if I might be judge, God never did make a more calm, quiet, innocent recreation" than membership of the St. Louis house of delegates. The material set forth in the

return as to the ineligibility of the relator and the action of appellant is without legal force. Section 6 of the charter does not apply. "He shall not have been convicted of malfeasance in office, bribery or other corrupt practices or crimes," is limited to the crimes designated and others of like nature. The familiar rule, *ejusdem generis*, controls. Section 8 of the charter does not apply. If the action taken was to expel, then the requisite two-thirds vote was not had. The vote, as taken, was that of a bare majority. No one ever heard before of admitting one to a seat in the house of delegates on petition. The appellant Sheridan was not elected. He made no contest. He petitioned for a seat, for which he was a defeated aspirant. That his petition prevailed adds merely to the grotesqueness of the travesty on every notion of proper legislative action. The appellants other than Sheridan exercised no judicial, or discretionary function. They were merely guilty, on their own showing, of willful and malicious misconduct in office.

BLAND, P. J.—This is a proceeding by mandamus commenced in the circuit court of the city of St. Louis to command all the defendants, as members of the house of delegates of the municipal assembly of the city of St. Louis, to rescind their action ousting William Vogel, the relator, from his seat as delegate from the Fourth Ward of said city, and restore him thereto; and that defendant John A. Sheridan be required to vacate said seat.

The allegations of the alternative writ of mandamus are as follows:

"The plaintiff states that he is the lawfully elected member of the house of delegates of the municipal assembly of the city of St. Louis, from the Fourth Ward of said city; that he was so elected at a municipal election held in said city in conformity to law, on the fourth day of April, 1899;

that at the time of his election, he possessed and that he now possesses all of the qualifications required by the charter of said city to be possessed by members of the said house of delegates; that on the twelfth day of April, 1899, plaintiff received his certificate of election, in conformity to law, from the clerk of this honorable court; that on the seventeenth day of April, 1899, plaintiff took the oath of office and in all respects was and became qualified to sit and act as a member of the said house of delegates, representing the said Fourth Ward of said city; that upon the organization of the municipal assembly, to wit, on the third Tuesday of April, 1899, he was recognized by the house of delegates as a lawfully elected member thereof, admitted to his seat as the member representing the Fourth Ward aforesaid, appointed upon committees of the said body, called upon and permitted to vote on measures pending and proceedings had in the house and in every way, manner and form declared and proclaimed to be a member of the said house and fully confirmed in his right and title to his seat in said house as such member; that on the twenty-sixth day of May, 1899, the defendants who, with the exception of the defendant, John A. Sheridan, are members of the house of delegates of the said municipal assembly, conspiring to unlawfully deprive the plaintiff of his seat in the said house of delegates, procured such action to be taken in the said house of delegates that, upon motion to oust the plaintiff from his seat and admit the defendant, John A. Sheridan, thereto, who is not in any manner entitled thereto; all of the defendants other than said Sheridan, voted in the affirmative and thereby secured the adoption of said motion; that the said defendants, who are members of the said house of delegates, constitute a majority of the members thereof, but do not constitute two-thirds of such members; that upon the adoption of said motion, the plaintiff was deprived of his seat in the

said house of delegates, and since that time has been and now is refused, by the said defendants and by the said house, under their control, permission to take part in the proceedings of the said house and access to and occupancy of his said seat therein; that plaintiff has applied to the said defendants, who are members as aforesaid, and to the said house of delegates under their control, for a reconsideration of said motion and for such action as will reinstate him in his seat and restore him to his rights, as a member of the said house, but that such reconsideration and other appropriate action have been denied him; that plaintiff is without remedy, save by the compulsory process of this honorable court, wherefore plaintiff prays, that by the writ of mandamus, the said defendants, members of said house of delegates as aforesaid, and the said house under their control, may be required to rescind their said action ousting plaintiff from his seat and restore him thereto, and that the defendant, John A. Sheridan, may be required to vacate the said seat in which his said co-defendants have unlawfully undertaken to install him."

The return of defendants to the alternative writ of mandamus is as follows:

"And now comes the said defendants, members of the house of delegates of the municipal assembly of the city of St. Louis, and for return to the writ of mandamus heretofore issued in this case, say that said plaintiff ought not to have his writ of peremptory mandamus, because they say that John A. Sheridan on April 17, 1899, presented to the

house of delegates of the municipal assembly of the city of
St. Louis his petition in words and figures as follows, to wit:

"In the matter of )
                        ) ss
William Vogel.        )

"To the House of Delegates of the city of St. Louis,
Missouri:

"Your petitioner, John A. Sheridan, respectfully rep-
resents and shows to this honorable body that he was a duly
nominated candidate for the office of member of the house
of delegates of the city of St. Louis, Missouri, from the
Fourth Ward of said city, at the election held April 4, 1899,
and that at said election he received 781 votes; that he pos-
sesses all the qualifications for said office; he is over 25
years of age, a citizen of the United States and an inhabitant
of said city for more than three years and of said ward more
than three years, and has paid city and state taxes for at least
two years before said election, and that he is not directly or
indirectly interested in any contract with the city, or any
department or any institution thereof, and is not indebted to
the city of St. Louis, or state of Missouri, on account of any
taxes and has not been convicted of malfeasance in office,
bribery or other corrupt practices or crimes.    That at said
election held on April 4, 1899, the persons balloted for were
William Vogel, Israel Weinsteine and your petitioner, as
will appear from the certificate, herewith filed, from the
office of the board of election commissioners; that said
William Vogel received, at said election 809 votes, and Israel
Weinsteine received 14 votes and your petitioner received
781 votes as aforesaid.

That said William Vogel has not the qualifications nec-
essary for a member of the house of delegates, that said

William Vogel has been convicted of corrupt practices or crimes in this, to wit:

"(To summarize): On March 11, 1892; July 20, 1892; June 26, 1893; January 11, 1894; June 15, 1894; September 25, 1894; April 18, 1895, and March 6, 1896, Vogel in cases of State against him, wherein he was charged with the offense of selling lottery tickets, entered pleas of guilty and was fined in each of said cases; that he afterwards filed motions for new trial, and the same were overruled.

"That all of said convictions were had in the St. Louis Court of Criminal Correction, as will appear from the duly certified transcript of the proceedings and judgments in said above cases, which are hereto annexed and made part of this petition.

"Your petitioner therefore requests that this honorable body refuse to suffer or permit the said William Vogel to qualify as a member of the house of delegates from the Fourth Ward of the city of St. Louis, for the reason that it appears from the foregoing that he has been convicted of corrupt practices and crimes, and, therefore, does not possess the qualifications for membership in your honorable body; that your petitioner possesses all of the qualifications for membership in your honorable body, and having received the highest vote of any qualified candidate for the office of member of the house of delegates of the Fourth Ward of the city of St. Louis, Missouri, at said election held on April 4, 1899, he be declared by this honorable body the duly elected member of the house of delegates of said Fouth Ward of said city, and that he be suffered and permitted to qualify as such."

"John A. Sheridan.

City of St. Louis. ) ss.
"State of Missouri, )

"John A. Sheridan, being duly sworn, on his oath, says that he is informed and believes that the facts stated in the

above petition are true; that he has attained the age of twenty-five years; that he has been a citizen of the United States and an inhabitant of the city of St. Louis three years, and of the Fourth Ward of said city one year, and has paid city and State taxes for two years next before April 4, 1899; that he is not directly or indirectly interested in any contract with the city of St. Louis or any department or institution thereof, and is not indebted to the city or state on account of any taxes, and has not been convicted of malfeasance in office, bribery or corrupt practices or crimes.

"John A. Sheridan.

"Subscribed and sworn to before me, this seventeenth day of April, 1899.

"John Elleson,
"Notary Public.

"My term expires March 5, 1900.

"That afterwards, on the twenty-sixth day of May, 1899, the house of delegates of the municipal assembly of the city of St. Louis, judicially determined that the plaintiff, the said William Vogel, did not have the qualifications necessary for a member of the house of delegates of the municipal assembly of the city of St. Louis, and that the said William Vogel had been convicted of corrupt practices and crimes, as alleged in the foregoing petition of said John A. Sheridan.

"And defendants further say that the said William Vogel was convicted of corrupt practices or crimes, as alleged in said foregoing petition, and that he has not and did not have, on April 4, 1899, the qualifications necessary for a member of the house of delegates of the municipal assembly of the city of St. Louis. Defendants say that the house of delegates of the municipal assembly of the city of St. Louis, is the judge of the election and qualifications of its own members, and that it adjudged that the said William Vogel did not possess the qualifications necessary for a member of

the house of delegates of the municipal assembly of the city of St. Louis, and that its judicial determination of said question against the said William Vogel can not be reviewed, vacated, annulled or set aside by mandamus.

"Therefore they pray that the said writ be denied and that said Vogel be adjudged to pay the costs of these proceedings."

After the filing of the return to the alternative writ, relator made a motion for a peremptory writ on the pleadings, and said motion was sustained and a peremptory writ granted.

In due time defendants filed their affidavit and bond for an appeal, and an appeal was allowed to this court.

The motion for a peremptory writ was in the nature of a demurrer to the return and admitted all the facts well pleaded in the return. State ex rel. v. Smith, 104 Mo. 661; State ex rel. v. Neville, 110 Mo. 345. Section 6, article 3, of the charter of the city of St. Louis, provides: "In addition to the qualifications in the preceding sections, every member of the municipal assembly shall possess the following qualifications: * * * He shall not have been convicted of malfeasance in office, bribery or other corrupt practices or crimes." If the offenses of which Vogel was convicted on his pleas of guilty were such as rendered him ineligible to the office, then his election was void, and he can not be restored to his seat however irregular may have been the proceedings by which he was ousted. No court will award him that to which he is not entitled, and which he is in law incapable of holding. On the other hand if the convictions of this offense did not render Vogel ineligible, then his expulsion was without warrant of law. It is a well-established rule of construction that where an enumeration of certain specific things is followed by a general word or phrase, the word or phrase of general description is to be

deemed to mean things ·of the same kind or class, and can not include things wholly different from those specifically mentioned.    State v. Schuchmann, 133 Mo. 111; St. Louis v. Loughlin, 49 Mo. 559; St. Louis v. Bowler, 94 Mo. loc. cit. 633; Knox City v. Thompson, 19 Mo. App. 523; State ex rel. Tracy v. Taafe, 25 Mo. App. 567.    The crimes comprehended by the clause "or other corrupt practices or crimes" following the enumerated crimes of "malfeasance in office or bribery" in section 6 of the charter, are crimes of the same class as those enumerated.    The offense of selling lottery tickets is not in its nature or turpitude to be classed with malfeasance in office or bribery.    Hence the convictions of Vogel set forth in the return did not disqualify him to be a delegate in the municipal assembly, and his expulsion therefrom on that ground was without warrant of law.    But the municipal assembly is, by the charter, raised to the dignity of a legislative body, with authority to make laws, in the form of ordinances within the limits of ·the powers delegated to it.    By section 8, article 3 of the charter each house of the municipal assembly is made the sole judge of the qualifications of its members.    The charter makes of the municipal assembly a miniature co-ordinate branch of the state government, independent of the judiciary, and its action in the exercise of its legislative functions is beyond the control of the courts by mandamus.    High on Extraordinary Legal Remedies [3 Ed.], sec. 135; State v. The Governor, 39 Mo. 388; Buckhart v. Reed, 138 U. S. 361; People v. Hatch, 33 Ills. 9; State v. Warmoth, 22 La. Ann. 1; Robertson v. State, 7 West. Rep. 492; Martin v. Ingram, 39 Kansas 641.    It is solely within the sphere of the house of · delegates to judge of the qualifications of its members, both at common law and by the charter (sec. 8, art. 3, *supra*). The exercise of this judgment can not be controlled by the writ of mandamus from the judiciary no more than can the

action of one of the houses of the General Assembly in the expulsion of a member thereof be controlled by the judicial department. They are in the exercise of this right wholly independent of the other co-ordinate branches of the government, wherefore the judgment is reversed with directions to the trial court to recall its writ of mandamus and to dismiss the proceeding. Judge *Bond* concurs. Judge *Biggs* dissents.

### OPINION ON MOTION FOR REHEARING.

BLAND, P. J.—On motion for rehearing counsel for Vogel contend, that he was expelled from the house of delegates by a majority and not by a two-thirds vote. The proceedings had by that body, as set forth in the return to the alternative writ of mandamus, shows that J. A. Sheridan presented to the house a petition setting forth that he was a candidate for the office at the election by which Vogel claims to have been elected; that he (Sheridan), received the next highest vote to Vogel; that Vogel was ineligible to the office, for the reason that he had been convicted of specified crimes, and praying that Vogel be unseated, and that he (Sheridan), de declared the legally elected delegate. In his application for the writ of mandamus Vogel alleged that the action taken by the house was to oust him and to admit Sheridan to his seat. This proceeding was nothing more nor less than a contest between Sheridan and Vogel before the house to determine which of them had been duly and legally elected as a delegate. The house found that Vogel was disqualified and gave Sheridan the seat.

Section 8, article 3 of the charter makes each house of the municipal assembly the sole judge of the qualifications of its members, and no court or other co-ordinate branch of the government can supervise or control its action, without being guilty of the grossest usurpation. State ex rel. v.

Bolte, 151 Mo. loc. cit. 372; 1 Dillon on Municipal Corporations [4 Ed.], sec. 202; McCrary on Elections, sec. 345; People v. Metzker, 47 Cal. 524; Linegan v. Rittenhouse, 94 Ill. 208, and authorities cited in the original opinion.

The case of State ex rel. v. Giovanoni, 59 Mo. App. 41, cited and relied on by Vogel is not the law, and is not supported by any text writer or decided case that has ever come under our notice. The opinion rests upon the erroneous assumption that the municipal assembly of the city of St. Louis is a subordinate tribunal. The charters of incorporated municipalities are their constitutions, and the municipal councils are miniature general assemblies (St. Louis v. Foster, 52 Mo. 513); and the ordinances duly enacted, and which are authorized by their charter have the force and effect of legislative acts, within the boundaries of the city (Jackson v. Grand Ave. R. R. Co., 118 Mo. 119; Union Depot Company v. Southern R. R. Co., 105 Mo. 562); and when a municipal assembly or council act within the sphere of its authority, its discretion is as wide as that possessed by the general assembly of the state, and is as free from judicial interference. State ex rel. v. Schweickhardt, 109 Mo. 496; Ferrenbach v. Turner, 86 Mo. 416; Taylor v. Carondelet, 22 Mo. 105; St. Louis v. McCoy, 18 Mo. 238; Knapp v. Kansas City, 48 Mo. App. 485; Marionville v. Henson, 65 Mo. App. 397. The legislative department of an incorporated municipality is not a tribunal subordinate to the judiciary, but is, within its legitimate sphere, a co-ordinate branch of Government, independent to the courts as to all matters committed to its judgment and discretion by the charter which gave it birth, and its discretion as to matters within the sphere of its authority is as free from the supervision and control of the courts as is the exercise by the General Assembly of the discretion committed to it by the constitution of the State. Both are co-ordinate branches of government, the one estab-

lished by the constitution, the other by charter. It matters not, therefore, for what reason, or however arbitrarily or irregularly the house of delegates acted in the contest between Vogel and Sheridan, the courts are without jurisdiction to revise its judgment in the premises. The case of State ex rel. v. Giovanoni, *supra*, is disapproved, and the motion for rehearing is denied. Judge *Bond* concurs.