## SUSAN R. WAKEFIELD *versus* THOMAS LITTLEFIELD.*

When a defendant demurs to a replication to a special plea in bar, a question of law is presented to the presiding Judge, and the plaintiff must join the demurrer.

*After* joinder, it is the legal duty of the presiding Judge to rule upon the demurrer.

*After such ruling,* the presiding Judge may, if he sustains the demurrer, allow the replication to be amended *on terms.*

If an issue, tendered by the replication to a special plea in bar, be joined, there must be a special verdict upon that issue. And the general verdict upon the general issue will depend upon and be controlled by the special verdict.

General practice upon demurrers.

ON EXCEPTIONS from *Nisi Prius,* MAY, J., presiding.

TRESPASS *de bonis.*

The defendant, by leave of the Court, pleaded the general issue and a special plea in bar, alleging the property in question to have been the plaintiff's husband's property and not the plaintiff's; and that the defendant, by virtue of an execution duly issued, seized and sold said property as the property of the plaintiff's husband. The plaintiff joined the general issue, and filed a replication to the special plea in bar, to which the defendant demurred specially.

After the demurrer was filed, but before joinder, the plaintiff moved for, and, against the defendant's objections, obtained leave to amend the replication. After amendment of the replication, the plaintiff joined the demurrer.

The presiding Judge overruled the demurrer and adjudged the replication good, and thereupon ordered that the parties proceed to trial on the general issue.

To these rulings and orders, the defendant excepted.

*Record, Walton & Luce,* for the defendant.

*Fessenden & Frye,* for the plaintiff.

---

* The announcement of the opinion in this case was delayed by a loss of the papers after argument. The case came but recently into the hands of the Reporter.

The opinion of the Court was drawn by

DAVIS, J. — The defendant in this case, by leave of Court, pleaded a special plea, in addition to the general issue. The plaintiff joined the general issue, and replied to the special plea. And, to the plaintiff's replication, the defendant demurred specially.

When a question of law is raised upon a demurrer, that, like any other question of law raised during the progress of a case, must be presented to the full Court, if the party aggrieved by the ruling requires it. But that does not necessarily interrupt the proceedings at *Nisi Prius.* If there are questions of *fact* to be determined, the trial proceeds, upon whatever issues may be presented by the parties, upon general, or special pleas.

Upon demurrers, in civil cases, as in criminal, whenever an overruling of the demurrer will make a final disposition of the case, and there can be no amendment if the demurrer is sustained, the case may properly be transferred at once to the full Court. But if, upon overruling the demurrer, there can be a *respondeas ouster;* or if, after sustaining the demurrer, an amendment can be allowed, the better practice is to proceed at *Nisi Prius* until the questions of fact are determined by the jury. The party required to do so can plead over; or the other party can amend, on terms, or without; and the verdict is quite as likely to render the question of law immaterial, as would a decision of the law be to make it unnecessary to try the question of fact. A final determination of the · case will generally be obtained earlier by trying the questions of *fact* first, rather than those of *law.*

The defendant having demurred to the plaintiff's replication, a question of law was presented to the presiding Judge. It was the duty· of the plaintiff to join the demurrer. R. S., c. 82, § 19. It was the `duty of the Court to rule upon it. *Ib. After such ruling,* if the demurrer had been sustained, an amendment might have been allowed, in the discretion of the Court, *on terms.* Rules of Court, 4.

But to allow an amendment before there was any joinder of the demurrer, or ruling upon it, was depriving the defendant of his right, which he clearly had by the statute, of requiring the Court to rule upon a plea which the opposite party had made in the case.

The replication having been amended, after the defendant had demurred to it, the causes of demurrer which he had assigned no longer existed. Not only were no terms imposed in his favor; the questions which he presented, and prayed the Court to determine, were not decided. The replication which was adjudged good was not the replication upon which he prayed the judgment of the Court. The rules of pleading have been relaxed, in modern times, for the purpose of promoting justice. But a practice so irregular as that adopted in this case, is not only in violation of the legal rights of the party; it would, if generally adopted, be favoring the negligent, at the expense of the vigilant.

Upon further proceedings, the replication should be restored, as it was when the demurrer was filed. If the demurrer is sustained, the replication may then be amended, upon such terms as may be imposed by the Court. And if the issue tendered by the replication is joined by the defendant, there must be a special verdict upon that issue. And the general verdict, upon the general issue, will depend upon, and be controlled by the special verdict. The fact that there were no such proceedings, and no issue on the special plea, upon the previous trial, is, of itself, a sufficient reason for a new trial, the defendant having objected to all the proceedings after his demurrer was filed. A verdict upon the special plea is essential to a determination of the case.

There is no doubt about the authority of the Court, *at common law*, to allow the pleadings to be amended at any stage of the proceedings. And, though a party would seldom be allowed to amend a plea, after demurrer, until after a ruling upon it, the question would be for the discretion of the Court.

But the statute cited provides that "in any stage of the pleadings either party may demur and *the demurrer must be joined.*" This is imperative. *Stevens* v. *Webster*, 45 Maine, 615. An amendment of the plea vacates the demurrer. A joinder *after* such amendment is nugatory and useless. The party demurring cannot thus be deprived of his right to have the sufficiency of the plea determined by the Court.          *The exceptions must be sustained,*

*and a new trial granted.*

CUTTING, KENT, DICKERSON and DANFORTH, JJ., concurred.