The questions presented by the exceptions appear' from the opinion of the Court, which was drawn up by
Appleton, J.
It appears that Cummings, the original plaintiff, in his lifetime commenced suits against the defendant and others, as indorsers of certain promissory notes. The first action, Cummings v. Herrick, came on for trial, a-verdict was rendered in favor of the plaintiff and the cause was continued on the report of the presiding Judge. An agreement was then made between the parties to the present action'to abide the decision in Cummings v. Herrick, and a memorandum thereof was entered upon the docket under the action. After a hearing before the law Court, judgment was rendered on the verdict in Cummings v. Herrick, 43 Maine, 219.
When the entry of judgment on the verdict was made, in *569 the suit Cummings v. Herrick, the plaintiff, by virtue of his agreement, was entitled to the same judgment in this action. Both parties, were bound as much by that agreement as by any other, while it was in full force and subsisting. The defendant thereby waived his right to be heard by a jury. He consented, that in a certain contingency, judgment should be rendered against him. He had lost his opportunity to defend the suit, and the only remaining inquiry related to the assessment of damages. The defendant, after a default, has no right to claim a trial to determine the damages. They are to be assessed by the Court, unless the plaintiff claims a hearing by the jury on that question. Price v. Dearborn, 34 N. H., 481. In the present case, the defendant is in no better position than if he were defaulted, for, by virtue of his agreement, judgment was to be rendered against him.
The defendant claimed to file certain pleas puis darrein continuance. But after one continuance, it is a matter of discretion to receive or reject such plea. Rowell v. Hayden, 40 Maine, 582. If, therefore, the plea was not seasonably filed, its rejection was purely discretionary with the Court.
But to constitute a valid plea of this description, it must have the same certainty as to time and place with other pleas. "It is no good plea to say puis darrein continuance, such a thing happened, but it ought to be precise in the day.” 7 Bacon’s Abr., 687, ed. 1856. "For, in pleading a thing after the last continuance, it is not good pleading, quod post ultimam continuationem, such a thing happened, but it ought to allege precisely the very day, viz., from such a day to such a day. Ewer v. Moile, Yelv., 140. The pleas filed are entirely defective in this respect.
From the evidence offered and received, it would seem that all the alleged facts, upon which the defendant relics, happened long before the last continuance. Nor is this inconsistent with the pleas. Whether, therefore, the defendant should be allowed to plead such facts, was a matter dis *570 cretionary with the Court. The exercise of this discretion is never matter of exception.
Besides, the defendants only claimed "to be heard in damages by a jury,” and the exceptions taken, are to the overruling of this motion. But, as has been seen, the defendant, by reason of his agreement, was in no better condition than that of a defendant defaulted, and could not claim to have damages assessed by a jury. He had agreed judgment should be rendered against him, and it was.
The defendant was allowed for the amount paid by Poor. This payment was neither made nor received in full discharge of the execution. Exceptions overruled.
Tenney, C. J., Rice, Goodenow, Davis and Walton, JJ., concurred.