JOHN FURBISH, executor, *vs.* ROBERT ROBERTSON.

Cumberland.    Decided January 31, 1877.

*Abatement.*

</div>

A plea in abatement for the nonjoinder of a co-defendant is fatally defective when it does not allege that he was at the date of the writ alive and resident within this state.

In a writ of entry where the defendant alleged exceptions to the ruling of the presiding justice, sustaining the demurrer to his plea without asking leave to plead anew, and the full court sustained the ruling, *held*, that the defendant waived any right to answer further, and that the judgment must therefore be final against him at the next term; when the plaintiff on proper motion can have conditional judgment awarded.

ON EXCEPTIONS.

IN A PLEA OF LAND, wherein the said John Furbish, in his capacity of executor as aforesaid, demands against the said Robert

Robertson one messuage with the appurtenances, situated in said Brunswick, and bounded as follows, viz: Beginning on the north side of Pleasant street at a stake; thence northerly, parallel to and five and a half rods distant from the east line of land formerly owned by Humphrey Given, about twenty rods, to land formerly owned by John O'Brien; thence easterly, on the south line of said O'Brien land, four rods; thence southerly, parallel with the west line about twenty rods, to said Pleasant street; thence westerly, by said Pleasant street four rods, to the first bounds, which he claims in his said capacity of executor. And thereupon he says that said Benjamin Furbish was himself seized of the demanded premises in his life time, in fee simple as aforesaid, within twenty years last past, and thereof the said Robert Robertson unjustly and without judgment, disseized him the said Benjamin Furbish, deceased, within said twenty years last past, to the damage, &c.

To this, the defendant seasonably pleaded in abatement, "that the premises in the said writ and declaration mentioned were at the time named in said writ and declaration in the possession of him the said Robert Robertson, together with one Isaac Plummer, and was in the possession of the said Robert Robertson alone, and this, he, the said Robert Robertson, is ready to verify. Wherefore, inasmuch as the said Isaac Plummer is not named in the said writ and declaration together with the said Robert Robertson, he, the said Robert Robertson, prays judgment of the said writ and declaration, that the same may be quashed and for his costs."

The plaintiff demurred generally to the plea; the defendant joined the demurrer, which the presiding justice sustained; and the defendant alleged exceptions.

*T. M. Giveen*, for the defendant.

I. The legal effect of the demurrer was to admit the truth of the statement in the plea of the joint possession of the premises by the defendant and Plummer.

II. Plummer should have been joined with the defendant in the action.

In *Varnum* v. *Abbot*, 12 Mass. 474, 480, Jackson, J. says "if a man is disseized by two or more persons, the disseizors have one

joint estate, and one title ; the entry of all of them is one act: and the disseizee must, in such a case, sue them all jointly."

So in Stearns on Real Actions, 210, joint tenure is said to be " the proper plea when two or more persons hold jointly, and are not all sued."

It would also appear indirectly, that this view of the law was held by Shepley, J., in *Treat* v. *Strickland*, 23 Maine, 234.

*W. Thompson*, for the plaintiff.

I. The writ and declaration are not defective. *Clifford* v. *Cony*, 1 Mass. 495.

II. The sufficiency of the plea in substance and in form is alone in question, and the highest degree of certainty is requisite. *Getchell* v. *Boyd*, 44 Maine, 482. *Hazzard* v. *Haskell*, 27 Maine, 549. *Adams* v. *Hodsdon*, 33 Maine, 225. *Burnham* v. *Howard*, 31 Maine, 569. *Tweed* v. *Libbey*, 37 Maine, 49. 1. Ch. Pl. 238.

III. The plea does not allege that Plummer was living when it was filed. 1 Ch. Pl. 441, 442.

IV. The Plea does not show whether Plummer and the defendant were in possession of several parts, or had joint possession of the whole. R. S., c. 104, § 10. The language of a dilatory plea should not admit of more than one construction.

V. The plea does not aver that the plaintiff's testator was disseized by two or more. All who were in possession are not necessarily disseizors. *Varnum* v. *Abbott*, 12 Mass. 474.

VI. The plea does not show Plummer a necessary party, for it only says he was in possession ; it does not say he claimed a freehold, or had actually ousted the plaintiff or his testator. He might have been tenant for years or at will of the defendant or of the plaintiff and not a disseizor. Story's Eq. Jur. § 998. 1 Ch. Pl. 65. R. S., c. 104, § 6.

VII. The defendant waived his right to answer over by filing and entering his exceptions, without reserving the right, or obtaining leave to plead double. A different ruling would enable a party to use the right of exceptions for purposes of delay, which R. S., c. 77, § 22, was enacted to prevent. *State* v. *Inness*, 53 Maine, 536, 540. If the demurrer is sustained, judgment should be final for plaintiff.

VIRGIN, J.   The object sought by a dilatory plea, is the defeat of the particular action upon some technical ground foreign to, and regardless of the real merits of the case.   Hence the marked disfavor with which pleas in abatement have always been regarded, as witnessed by the degree of certainty and precision in matter of form as well as of substance demanded in such pleas.   The rule requires the pleader to "anticipate and exclude all such supposable matter, as, if alleged on the other side, would defeat the plea." Gould's Plead., c. 3, § 57.   *Tweed* v. *Libbey,* 37 Maine, 49.   The plea and the writ cannot both be good.   When matter in abatement is seasonably and well pleaded, the action must necessarily abate ; but when the allegations in the plea may all be true, and still the action stand, the plea must be bad.

Judged by this rule, the plea in the case at bar must be adjudged to be fatally defective.   For the law does not allow deceased persons to be impleaded, or non-resident defendants to be joined with those within the jurisdiction, though jointly interested.   If, therefore, all the allegations in the plea be true, still the writ and declaration may be good by reason of the death or non-inhabitancy of Plummer, neither of which supposed facts has been denied by the plea.

The decision being based on a demurrer, the judgment cannot be entered until the term next after the decision is certified.   R. S., c. 82, § 19.   *State* v. *Peck,* 60 Maine, 498.·

The defendant alleged exceptions without asking leave to plead anew, and entered his action in the law court.   This has been considered a waiver of any right on his part to answer further ; and the judgment must therefore be final against him.   R. S., c. 77,. § 22.   *State* v. *Inness,* 53 Maine, 536, 541.   At that term the plaintiff, on motion, can have a conditional judgment awarded, and the sum adjudged.   *Exceptions overruled.*

> *Judgment to be final at*
> *the next term after*
> *decision certified.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.