INHABITANTS OF FRYEBURG *vs.* INHABITANTS OF BROWNFIELD.

Oxford. Decided April 3, 1878.

*Pauper. Pleading. Demurrer. Declaration. Trial.*

In a declaration for pauper supplies furnished a married woman, it is not necessary to aver that the husband's settlement was in the defendant town, or that he was unable to support her. It is sufficient to aver that the settlement of the person receiving the supplies was in the defendant town, and that, at the time the supplies were furnished, she was destitute and needed the relief.

The plaintiffs " aver that within three months next after the second day of June aforesaid, to wit: on the fourth day of June, in the year eighteen hundred and seventy-five, the overseers of the poor of said Fryeburg sent a written notice signed by them, stating the facts aforesaid respecting the said Georgiana Booth, to the overseers of the poor of the said town of Brownfield, and requesting them to remove the said Georgiana Booth." *Held,* a sufficient averment of notice.

Judgment upon a demurrer, not filed at the first term, is final. The defendant cannot withdraw his demurrer and plead anew. His right to do so is limited by statute to demurrers filed at the first term.

A form of declaration held good on demurrer. See statement of case.

ON EXCEPTIONS to the overruling of the defendants' demurrer to the declaration, and of their motion for leave to withdraw their demurrer, and plead anew.

CASE, for pauper supplies.

Declaration, for that heretofore, to wit: On the second day of June, in the year of our Lord one thousand eight hundred and seventy-five, Georgiana Booth, who was then and there and still is the lawful wife of Frank Booth of said Brownfield, had and for a long time prior thereto and ever since has had her lawful settlement in said town of Brownfield, by reason whereof, the said town of Brownfield, during all of said time was and still is liable for her support, and on said second day of June aforesaid, the said Georgiana Booth, so having her lawful settlement in said town of Brownfield, was found in said town of Fryeburg destitute and on account of poverty in need of relief; wherefore being so found, the overseers of the poor of said town of Fryeburg relieved the said Georgiana Booth, by then and there in said town of Fryeburg furnishing and providing for her, proper, neces-

sary and sufficient food, lodging and medical supplies mentioned in the schedule hereto annexed. And the plaintiffs aver that all the expenses in relieving the said Georgiana Booth, mentioned in said schedule, remaining unpaid and amounting to the sum of forty dollars and fifty cents, were necessary and reasonable. And the plaintiffs further aver that within three months next after the said second day of June aforesaid, to wit : on the fourth day of June, in the year eighteen hundred and seventy-five, the over-seers of the poor of said Fryeburg sent a written notice signed by them, stating the facts aforesaid respecting the said Georgiana Booth, to the overseers of the poor of the said town of Brown-field, and requesting them to remove the said Georgiana Booth ; but they refused and neglected so to do. Whereby and by reason whereof, the said inhabitants of Brownfield became liable, and in consideration thereof, then and there promised the plaintiffs to pay them the sum of forty dollars and fifty cents on demand."

The action was entered at the March term, 1876, and contin-ued to the December term, and on the first day put on the trial docket. On the sixth day the defendants filed a special demur-rer, which was joined by the plaintiffs and overruled by the pre-siding justice ; whereupon and before exceptions filed and allowed, the defendants moved for leave to plead anew *instanter* and pro-ceed to trial to the jury ; but the presiding justice overruled the motion, on the ground that the ruling on the demurrer precluded the defendants' right to trial ; whereupon the defendants moved for leave to withdraw the demurrer ; but the presiding justice overruled the motion, and the defendants alleged exceptions.

*J. B. Eaton*, for the defendants.

*D. R. Hastings*, for the plaintiffs.

WALTON, J. This is an action to recover for pauper supplies furnished one Georgiana Booth, wife of Frank Booth. The defendants demurred to the declaration.

I. The first reason assigned for the demurrer is that the declara-tion does not aver that the pauper's husband was not able to sup-port her. Such an averment is not necessary. It is sufficient to aver that, at the time the supplies were furnished, the person

receiving them was destitute and needed relief. This is averred.

II. The second reason assigned for the demurrer is that the declaration does not aver that the husband's settlement was in the defendant town. Such an averment is not necessary. It is sufficient to aver that the settlement of the person receiving the supplies was in the defendant town. The settlement of the wife may or may not be in the same town as that of her husband. A married woman has the settlement of her husband if he has any in the state ; if he has not, her own settlement is not affected by the marriage. R. S., c. 24, § 1. The wife's settlement is averred to be in the defendant town. As she was the only person helped, no other averment upon this point was necessary.

III. The third objection made to the declaration is that it does not contain a sufficient averment of notice to the defendant town. We think it does. Upon this point the declaration is very full and explicit, and contains all which, in our judgment, such a declaration should contain.

IV. The defendants complain because they were not allowed to withdraw their demurrer and plead anew, after it had been joined by the plaintiffs and ruled upon by the presiding judge. This complaint is groundless. A demurrer, not filed at the first term, cannot be withdrawn without leave of the court and of the opposite party. " If the demurrer is filed at the first term and overruled, the defendant may plead anew on payment of costs from the time it was filed, unless it is adjudged frivolous and intended for delay, in which case judgment shall be entered." But when, as in this case, the demurrer is not filed at the first term, and leave of the court and of the opposite party to withdraw it is not obtained, no such right exists. The judgment in such a case is final. R. S., c. 82, § 19. *Winthrop Savings Bank* v. *Blake*, 66 Maine, 285. *State* v. *Peck*, 60 Maine, 498.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.