LAWRENCE HANLEY *vs.* WILLIAM J. SUTHERLAND and others.

Piscataquis.    Opinion December 18, 1882.

*Practice.*

When judgment is rendered for the plaintiff on demurrer, the defendant has no right to have damages assessed by a jury.

ON exceptions taken to the ruling of the presiding justice at the September term, 1882, and certified to the law court under the provisions of R. S., c. 77, § 21.

The opinion states the case.

*Henry Hudson,* for the plaintiff, submitted without argument.

*D. L. Savage,* for the defendants.

APPLETON, C. J.    This action was entered September, 1878. It remained on the docket, being continued from term to term. At the September term, 1880, a motion to dismiss was filed and overruled.    At the September term, 1881, a motion to dismiss was again filed and overruled.    The defendants then demurred.

The declaration was adjudged good, and exceptions were filed. The exceptions were overruled by the law court and judgment rendered for the plaintiff. This judgment is final.

The defendants now claim the right to have the damages assessed by the jury.

In the English practice, in case of a default, a writ of inquiry is directed to the sheriff commanding him "by the oaths of twelve honest and lawful men, to inquire into the (said) damages and return such inquisition into court." In *Bruce* v. *Rawlins*, 3 Wils. 62, which was trespass, referring to the subject, WILMOT, C. J., says : "This is an inquest of office to inform the conscience of the court, who, if they please, may themselves assess the damages." The damages on default, with the plaintiff's assent, may be taxed by the court. "But if the plaintiff will not assent to it he shall have a writ of inquiry of damages on occasion of the detention of the defendant, if he will ; but it is in the election of the plaintiff and not of the defendant." *Holdipp* v. *Otway*, 2 Saund. 102. The election is with the plaintiff. *Blackmore* v. *Flemyng*, 7 T. R. 446.

In this state it has been repeatedly held that in case of default damages may be assessed by the court or by the jury, and that the option as to the mode of assessment was with the plaintiff and not the defendant. *Begg* v. *Whittier*, 48 Maine, 315 ; *Cummings* v. *Smith*, 50 Maine, 568 ; *Wood* v. *Leach*, 69 Maine, 560. The court, too, may appoint a master to assess damages, as is done in England by one of the officers of the court when a jury is not required. *Price* v. *Dearborn*, 34 N. H. 481 ; *Crommett* v. *Pearson*, 18 Maine, 345.

It was held in *Raymond* v. *D. and N. R. Co.* 14 Blachf. C. C. Rep. 133, where the defendant in a tort suffers a default, that the plaintiff has no constitutional right to have his damages assessed by a jury ; and that the assessment of damages upon a default, either on contract or tort, stands upon a different footing from the trial of issues of fact. The assessment of damages by a jury, when done, is as a matter of practice rather than of right.

But in the present case, final judgment was rendered in favor of the plaintiff. All that remains is to determine the amount. The right of the plaintiff to recover is fixed. The cause of action is admitted, but not the amount of damages. The defendants' position is the same as if a default had been entered, and damages may be assessed in the same manner. *Frye* v. *Hinckley*, 18 Maine, 323. "The damages may be assessed," remarks WESTON, C. J., in the case last cited, "by the court as upon default, or when a plea is adjudged bad upon demurrer,·or that question may be put to another jury." Damages, when·judgment is rendered for the plaintiff, is to be assessed in the same manner as in case of default.

The defendants had no right to be heard by a jury. That right was waived. They have a right to be heard in the assessment of damages, and when the assessment is in court or by a jury, to except to any error in the admission of testimony, or the rules by which they are assessed.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.