CHARLES T. FOX, Administrator, *de bonis non*,

*vs.*

JOHN BENNETT, and another, Executors.

York.    Opinion March 18, 1892.

*Pleading.    Demurrer.    Leave to plead anew.*

When a defendant at the time of the filing a demurrer to the declaration subsequent to the first term, expressly stipulates that he shall have leave to plead anew upon payment of costs, if the demurrer be overruled, and the court assents to such stipulation in the presence of and without objection from the plaintiff, the court has the power to carry out its stipulation and receive the plea.

ON EXCEPTIONS.

This was an action of trover for the conversion of two promissory notes, and comes into this court upon the defendants' exceptions as appears in the opinion.

*Fox and Gentleman, with G. F. Clifford,* for plaintiff.

*Fairfield and Moore,* for defendants.

EMERY, J.    This was an action against two defendants as executors.    The writ was served on only one defendant before entry, and was entered at the return term, when that defendant appeared.    At the return term the plaintiff obtained an order of notice upon the other defendant to appear at the then next term.    This notice was served upon the other defendant and he appeared at the then next term as required by the order.

At this latter term, both defendants having appeared, their attorney desired to demur to the declaration, and claimed that under the above circumstances the then term was the first term for that purpose ; and that he could plead anew if the demurrer should be overruled.    But to guard against the possibility that the court might rule otherwise, he stipulated "for leave to plead. anew upon payment of costs, if the demurrer should be over-- ruled."    The court granted such leave as stipulated for, plaint-- iff's attorney being present and making no objection ; and the- attorney for the defendants filed a general demurrer to the- declaration.

The demurrer was then joined and presented to the court, and overruled.    The defendants' attorney thereupon paid into court the plaintiff's costs and tendered a plea of the general issue- with a brief statement, under the stipulated leave to plead anew ; and also moved for leave to file the same.    The court ruled as matter of law, that it had no discretionary power, under the circumstances, to allow the defendants to plead anew, and that it could not, if it would, receive the plea.    The defendants excepted.

Without the stipulation at the time of filing the demurrer for such leave to plead anew, the court might have had no power to permit a plea to be filed after demurrer overruled, assuming that the term at which it was filed was the second term.    *Frye-burg* v. *Brownfield*, 68 Maine, 145.    Without passing upon the question whether the demurrer was filed at the first term, we think that under the stipulation, the court had the power to receive the plea in its discretion.

The attorney for the defendants was desirous of having the sufficiency of the declaration determined before going to trial,

and yet was apprehensive that the court might not only overrule his demurrer but also rule that the demurrer was filed too late, and so award final judgment against him without a hearing on the merits. To guard against this possible peril, he at the time of filing the demurrer, stated the doubt and danger, and stipulated for leave to plead anew in case his demurrer was overruled. To this stipulation the court expressly, and the plaintiff impliedly assented. From his standing by and making no objection to the order, the plaintiff must be held to have assented thereto. An objection from him would undoubtedly have prevented the order. He should have made his objection known if he had any. His silence gave consent.

Without the stipulation and assent, the attorney for the defendants presumedly would not have filed the demurrer; with the stipulation and assent he did file it. The matter being one of procedure only, the court having full jurisdiction of the cause and the parties, there must be some power in the court to relieve the party who has trusted it,— some power to rectify errors in procedure. *Lothrop* v. *Page*, 26 Maine, 121; *Woodcock* v. *Parker*, 35 Maine, 138. The most appropriate exercise of that power would be to carry out the order or stipulation, made with the assent of one party, and relied and acted upon by the other party. We think the court has the power to do so.

We only hold, however, that under the circumstances of this case the court has the power to permit the defendant to plead anew. Whether it is proper to exercise that power is for the justice presiding at *nisi prius*. The other exceptions are overruled but the exception above considered must be sustained.

*Exception sustained.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.