HAROLD C. ROLLINS

*vs.*

CENTRAL MAINE POWER COMPANY.

Kennebec.    Opinion September 1, 1914.

*Costs.    Damages.    Demurrer.    Exceptions.    Judgment.    Revised Statutes,*
*Chap. 84, Sec. 35.    Waiver.*

At common law, when exceptions to the overruling of a demurrer to the declaration were overruled, judgment on the demurrer, or that plaintiff recover, followed and was final.

By Revised Statutes, Chap. 84, Sec. 35, the severity of the common law was relaxed, wherein it was provided that if the demurrer is filed at the first term and overruled, the defendant may plead anew on payment of costs, from the time when it was filed, unless adjudged frivolous and intended for delay.

On exceptions and motion by defendant.    Exceptions and motion overruled.

This is an action on the case to recover of the defendant damages for personal injuries received by him on September 2, 1912, at Gardiner, in the County of Kennebec.    The plaintiff was, at the time of the ·accident, employed and working as conductor on one of the cars of the Lewiston, Augusta and Waterville Street Railway, and while he was attempting to turn the trolley pole on said car, it came in contact with the glass globe of an arc light, located and maintained by the defendant, breaking said globe so that a portion of the glass struck the plaintiff in one of his eyes, entirely destroying the sight thereof.    Plea, general issue.    The defendant filed a demurrer, and the court ordered judgment  upon said demurrer for the plaintiff. Upon said judgment, the jury assessed the damages at $4935.    The defendant excepted to the ordering of judgment upon demurrer and filed a motion for a new trial upon the ground of excessive damages.

*Benedict F. Maher, Harold H. Murchie, Samuel Titcomb,* for plaintiff.
*Harvey D. Eaton,* for defendant.

SITTING: CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J.   This is an action for the recovery of damages for personal injuries.   It is here upon exceptions to the ordering of judgment upon demurrer and defendant's motion for new trial upon the ground of excessive damages.

As to the exceptions; upon the facts set out in the plaintiff's bill, we think the exceptions to the ordering of judgment must be overruled.   At common law, when exceptions to the overruling of a demurrer to the declaration were overruled, judgment on the demurrer, or that plaintiff recover, followed and was final.   The legislature, relaxing the severity of the common law has provided "If the demurrer is filed at the first term and overruled, the defendant may plead anew on payment of costs from the time when it was filed, unless it is adjudged frivolous and intended for delay, in which case judgment shall be entered at the next term of court in the county where the action is pending, after a decision on the demurrer has been certified by the clerk of the district to the clerk of such county, and not before, judgment shall be entered on the demurrer, unless the costs are paid, and the amendment or new pleadings filed on the second day of the term."   R. S., Chap. 84, Sec. 35; *State* v. *Peck*, 60 Maine, 498.   A new right is thus given, not to the plaintiff, whose rights at common law are abridged, but to the defendant whose rights are enlarged upon his compliance with the conditions named.   The defendant filed his new pleadings on first day of the "next term" but made neither payment nor tender of the costs upon either the first or second day.

A jury being empanelled for the trial of the cause, plaintiff moved on the fourth day of the term for judgment on the demurrer.   To the granting of this motion the defendant objected because "there had been no taxation of costs, nor request for payment thereof, nor any mention whatever previously made in regard to costs."   The court ruled as matter of law that the filing of the plea without payment of costs did not make a good plea and granted the motion.   The objections thus overruled cannot avail.   They are based upon failures and omissions of defendant.   The plaintiff was under obligation to do none of the things alleged to be undone.

The defendant argues that the plaintiff waived the payment of costs.   If this be open to defendant under his bill of exceptions, we

are forced to conclude that there was no waiver. Certainly none was expressed nor do we consider that any can be inferred. Whether the cause was to be tried upon its merits or only upon question of damages, nothing was done during the first two days of the term which was not required in the way of preparation for trial by court or counsel in either event. Until adjournment at the end of the second day of the term plaintiff could not know if defendant had forgone his right. At the close of the second day the rights of the parties were fixed, and we are unable to find in the action of plaintiff thereafter conduct from which a waiver of his rights as determined can be inferred. *Hanscom* v. *Ins. Co.*, 90 Maine, 333, and *Haskell* v. *Brewer*, 11 Maine, 258, relied upon by defendant seem to be inapplicable. There are aspects of hardship in the case, but to grant relief would transcend the function of the court.

Upon entry of judgment upon the demurrer, the damages were assessed by the jury in the sum of $4935 which defendant claims to be excessive. Defendant offered no evidence. The plaintiff was at the time of his injury twenty-three years of age and earning in the employ of defendant two dollars per day. The sight of one eye was destroyed and later the eye was removed. The evidence indicates that his earning capacity has been reduced, the other eye affected and that annoyance and disfigurement must be experienced throughout life. Considering these elements of damage in view of his expectation of life, his pain and expenses, the court is unable to say that the amount of the verdict shows bias, prejudice or improper conduct on the part of the jury.

The exceptions and motion must therefore be overruled.

*So ordered.*