MICHAEL M. CLARK *vs.* BYRON BOYD, et al.

Aroostook.   Opinion January 29, 1921.

*In the declaration in an action of debt on a bond, where the indebtedness is acknowl-*
*edged in the instrument itself, it is not necessary to add to the count or counts*
*in the usual form the allegation, Per quod actio accrevit or*
*any words equivalent thereto. It is not necessary to*
*repeat at the beginning of each count, the words,*
*"In a plea of————."*

In an action on a bond containing two counts, one in the usual form declaring on the penal part, the second, containing in addition the breach of the conditions of the bond relied upon, and commencing in the usual manner, viz: "Also for that," without repeating the nature of the action, as, "In a plea of debt." Upon special demurrer assigning as grounds of demurrer that neither count contained the words, "whereby an action has accrued to the plaintiff," or any allegation equivalent thereto, and secondly that the second count was also defective because the nature of the action was not stated therein,

*Held:*

That in an action of debt on a bond or other instrument where the indebtedness is acknowledged in the instrument itself, it is not necessary to add to the counts in the usual form the allegation, *Per quod actio accrevit* or any words equivalent thereto;

That whether the words, "In a plea of————" be regarded as a part of the writ or the commencement of the declaration, it is not necessary to repeat it at the beginning of each count. In the one case, because they are not a part of the declaration or count; in the other, once stated, they are to be supplied or understood after the word "also" at the beginning of each count after the first.

Every count is presumed to be intended as of the same nature as the action which the defendant is summoned to meet. This may be considered settled by long and well established practice in this State.

On exceptions by defendant. This is an action of debt on a bond containing two counts, one declaring on the penal part of the bond, and the second alleging a breach of the conditions of the bond. Defendants demurred specially on the grounds that neither count contained the words, "whereby an action has accrued to the plaintiff," or any allegation equivalent thereto, and secondly that in the second count the nature of the action was not stated, because of the omission to repeat the words "In a plea of debt." The demurrer was overruled by the presiding Justice, and the defendants excepted. Exceptions overruled.

Case is stated in the opinion.

*Powers & Guild, and Cook, Hutchinson & Pierce,* for plaintiff.

*Strout & Strout, and Burleigh Martin,* for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J. An action of debt on a bond. The declaration contains two counts. The first count is in the form usually found in the books and held sufficient by the court in *York* v. *Stewart,* 103 Maine, 474; *Colton* v. *Stanwood,* 68 Maine, 482; *Inhabitants of Boothbay Harbor* v. *Marson,* 112 Maine, 505; being based simply on the penal part. The second count begins with the customary "Also for that," without stating the nature of the action, and after declaring on the penal part, sets forth the breach of the conditions that are relied upon.

Either of the courses followed in the respective counts was open to the plaintiff. *Inhabitants of Boothbay Harbor* v. *Marson,* supra. There can be no reason why a count in each form may not be joined in the same action.

One of the defendants filed a special demurrer at the second term without requesting the right to plead over, which was properly joined, and overruled by the presiding Justice. The case is now before this court on exceptions to this ruling.

The sole grounds on which the defendant relies are that both counts are defective because they do not contain the words, "whereby

an action has accrued to the plaintiff," or *per quod actio accrevit*, as the ancient form runs, or any allegation equivalent thereto, and that the second count is also defective because it does not begin with the phrase, "In a plea of debt."

We think that each count is sufficient both in form and substance and is in accord with the well and long established forms and rules of pleading recognized in this State. It is not necessary to add an allegation or the equivalent of the ancient *per quod actio accrevit* in an action of debt where the debt is acknowledged in or arises from the instrument or obligation declared on, as a bond or a judgment. In such cases it is only necessary after setting forth the obligation, to allege a non-performance and conclude with a breach *ad damnum.* Chitty on Pleading, 16th Ed. Vol. 1, Page 375; *Smith* v. *Payne*, 12 N. H., 34. For common form of declaration on a bond see Oliver's Precedents, 5th Ed. Page 249, and *York* v. *Stewart*, supra.

Where, however, the debt is the result of a failure to fulfill a promise or an agreement, and arises, as it were, *dehors* the instrument or obligation, as in the case of an action of debt on a promissory note, or for rent under a lease, or even for goods sold and delivered where the price has become due and payable, the allegation, "whereby an action has accrued," appears to be essential, or, at least, commonly used. See forms in Oliver's Precedents, 5th Ed. 245, 246; Chitty on Pleading, supra. No doubt this allegation is many times used out of excessive caution where unnecessary, and is a mere surplusage, and forms may be found in the books which do not square with the above distinction laid down by Chitty; but if it be unnecessary when the penal part of a bond alone is declared on, we see no good reason why it should be essential because the condition and breach are also set out.

As to the second point raised by the demurrer, that the form of action is not stated in the second count. Formerly declarations or statements of the cause of action were not attached to the writ when served, but were stated orally and later in writing and filed in court after the writ was returned. The writ itself then set forth in general terms the nature of the action the defendant was summoned to meet.

The declaration according to the forms then in use began with a recital of the writ and the nature of the action described therein and in general was an exposition of the writ itself with addition of time, place, and other circumstances. Tidd's Practice, Farrant's Ed. Vol. 1, Page 361. Also see forms in Stephens on Pleading, Pages 65-70.

But as the well known author on Practice in the Courts of the King's Bench says: "This practice being productive of great prolixity, a rule of Court was made that declarations in actions on the case and general statutes other than debt repeat not the original writ, but only the nature of the action; thus 'a plea of trespass upon the case.'" Tidd's Practice, Vol. 1, 377; Stephens' Pleading, 3rd Am. Ed., Page 367.

Under Chapter 63 of the Laws of 1821, however, by which the forms of writs were established in this State, a brief statement of the form of the action appears to be made a part of the writ as it clearly is a part of the summons established by the same Act and in common use with all writs of attachment. According to the form of writs thereby established the defendant is summoned to appear and answer unto the plaintiff "in a plea of————" see Chapter 63 *supra*, and *Mahan* v. *Sutherland*, 73 Maine, 158, 161. But whether regarded as a part of the writ by statutory enactment, or the mere insertion as a matter of form at the commencement of the declaration, to indicate that it was sufficient to begin declarations in all cases with this briefer form of statement of the nature of the action; in either case, it is unnecessary to repeat it at the beginning of each count. In the one case, if a part of the writ, it is obviously unnecessary to repeat it at the beginning of even the first count of the declaration which according to the modern practice of attaching it to the writ immediately follows. The practice of a century has settled this beyond question. For the same reason it is unnecessary to repeat it at the beginning of each following count. The words, "Also for that," being in such case the appropriate commencement of each count after the first.

In case the declaration be held to begin with the words, "In a plea of————," once stated, they are to be understood after the word "Also" and before the words "for that," with which according to the long established practice in this State each additional count begins. Every count is presumed to be intended as of the same nature as the action which the defendant is summoned to meet unless the contrary appear, in which case there would be a variance or misjoinder. Stephens on Pleading, 370; Chitty on Pleading, 16th Ed. Vol. 1, Page 264; *Allen* v. *Ham*, 63 Maine, 532, 535. Long usage and sound reason confirms us in this view; nor has the defendant called our attention to any authority or form to the contrary.

The court in *Nat. Exchange Bank* v. *Abell*, 63 Maine, 346, 350, cited by the defendant evidently took the same view. The declaration there was in a plea of debt, two counts were on a judgment and two were in the ordinary form of assumpsit on a note, but the latter counts did not contain any allegation *per quod actio accrevit*, nor did they begin with any words indicating the nature of the action. The defendant demurred and as a ground of demurrer claimed the third and fourth counts were in assumpsit and there was a misjoinder. But the court held that they were simply defective counts in debt; that the defendant was called to answer only to a plea of debt; and there was no count in which the defendant was obliged to answer to a plea of the case.

The counts in the case at bar are both in debt, and the demurrer was properly overruled. The demurrer having been filed at the second term without reserving the right to plead over the judgment should be final at the next term. Sec. 36, Chap. 87, R. S., *Fryeburg* v. *Brownfield*, 68 Maine, 145; *Fox* v. *Bennett*, 84 Maine, 338; *Rollins* v. *Power Co.*, 112 Maine, 175; *Furbish* v. *Robertson*, 67 Maine, 38.

> *Exceptions overruled.*
> *Final judgment for the plaintiff at
> the next term after receipt of this
> mandate.*