A. C. TRIPP

*vs.*

PARK STREET MOTOR CORPORATION.

Androscoggin.    Opinion November 30, 1922.

*In an action of assumpsit a promise must be alleged, for without such allegation
or its equivalent such an action cannot be maintained. All proceedings at
nisi prius in the Supreme Judicial Court, when a demurrer is filed, joined
and ruled upon, and exceptions taken, except in dilatory pleas,
are suspended awaiting the decision from the Law Court on such
exceptions. For the plaintiff to amend or the defendant to
plead over in the Supreme Judicial Court before hav-
ing the validity of his exceptions determined
would be a waiver of his exceptions.*

In the instant case no promise or undertaking or its equivalent being alleged in
the declaration the demurrer should have been sustained. A promise to
repay was as essential an allegation of fact for recovery by the plaintiff as
that of breach and rescission. Without such allegation or its equivalent
an action of assumpsit cannot be maintained.

When a demurrer is filed, joined and ruled upon in the Supreme Judicial Court
and exceptions taken the case under Sec. 36, Chap. 87, R. S., must be marked
"Law" and go to the Law Court upon the questions raised by the demurrer,
without further proceedings at *nisi prius*, until decision is received back from
the Law Court.

For the plaintiff to amend or the defendant to plead over before having the
validity of his exceptions determined would be a waiver of his exceptions.

The conferring upon the presiding Justice by Chapter 73, Public Laws, 1859,
to the right to allow amendments or the defendant to plead anew before
exceptions are filed and allowed to his rulings on a demurrer was not intended
to change the course of proceedings on demurrer as determined by Chapter
211, Public Laws, 1856.

The dicta contained in *Wakefield* v. *Littlefield*, 52 Maine, 21, is not controlling
and not followed by more recent decisions of this court.

On exceptions. This is an action of assumpsit to recover the
value of an automobile, the value of a note, and cash, given by

plaintiff to defendant in an exchange of automobiles, plaintiff having rescinded the transaction alleging breach of warranty.

The defendant demurred specially to the declaration on the ground that no promise was alleged. The demurrer was joined, argued, and overruled, and defendant given leave to plead over, and defendant excepted. Thereupon the presiding Justice directed that the case proceed to trial, but the defendant declined to plead over, and also declined to participate or take any part in the trial of the case.

The case went to trial, plaintiff introducing his evidence, and after a charge to the jury a verdict for $456.75 was rendered for plaintiff. The defendant excepted to the ruling of the presiding Justice overruling the demurrer, and also excepted to the ruling directing the parties to proceed to trial. Exceptions sustained.

The case is stated in the opinion.

*Frank A. Morey,* for plaintiff.

*Benjamin L. Berman and Jacob H. Berman,* for defendant.

SITTING: CORNISH, C. J., SPEAR, DUNN, WILSON, DEASY, JJ.

WILSON, J. The declaration in this case sets forth a "trade" involving an exchange of automobiles at an agreed value for each car, and an additional payment by the plaintiff of the sum of one hundred and fifty dollars in cash together with his promissory note for one hundred dollars. It also contains an allegation that the automobile obtained by the plaintiff of the defendant in the trade was represented by the defendant to be in first-class condition; and further sets forth that the automobile received by the plaintiff was not in first-class condition and that for this reason the plaintiff rescinded the contract of exchange and took back the automobile received by him to the defendant and demanded back a certain Studebaker car given by him to the defendant in the exchange, also the sum paid by him in cash and his promissory note, which the defendant refused to return; whereupon the declaration concludes that the plaintiff "is entitled to receive of the defendant the sum of two hundred dollars for his Studebaker car, one hundred and fifty dollars in cash so paid, and the one hundred dollar note which represents the value of the note he gave. Wherefore an action hath accrued to the plaintiff to have and recover of the defendant the sum of four hundred and fifty dollars aforesaid."

The defendant at the first term filed a special demurrer setting forth as the special ground of demurrer that the declaration did not allege any promise or its equivalent on the part of the defendant to pay said sum to the plaintiff. The demurrer was overruled and according to the bill of exceptions the parties were directed to proceed to trial, the defendant being given the privilege of pleading over, which it refused to do, but filed its exceptions both to the overruling of the demurrer and to the order of the presiding Justice directing the parties to proceed to trial. The case went to trial before a jury without any pleadings being filed by the defendant or any issue joined and without the defendant participating therein and verdict was rendered for the plaintiff. The case now comes before this court on the defendant's exceptions.

We think both exceptions must be sustained. The bill of exceptions agreed to by both parties describes the action as one of assumpsit, and it must be so considered. The plaintiff upon his allegations might have retained the car he received and sued on the contract for a breach of warranty, but he elected to rescind and sue to recover back the consideration given in exchange in the form of an action of assumpsit as for money had and received. As to whether such an action will lie where the consideration paid was partly in the form of a chattel, partly in cash and partly by a note, whether negotiable or not does not appear, it is not necessary to consider. *Hall* v. *Huckins*, 41 Maine, 574, 578.

Without specifying other defects in the declaration which might be taken advantage of on the demurrer, it should have been sustained on the ground specified, viz.: that no promise was alleged. The action of assumpsit as the derivation of the word implies is founded on an undertaking or promise, and a promise or its equivalent must be alleged as one of the essential facts to the maintenance of such an action, whether based upon a special contract or in the common form of indebitatus assumpsit. Chitty on Pleading, Vol. 1 pages 301, 302; *Bean* v. *Ayers*, 67 Maine, 488; *Brown* v. *Starbird*, 98 Maine, 292; *Coffin* v. *Hall*, 106 Maine, 126, 128; *Hopkins* v. *Erskine*, 118 Maine, 276.

The case of *Chickering* v. *Power Co.*, 118 Maine, 414, 417, relied upon by the plaintiff in his brief is not in point. That was an action of tort, and the court held that to sustain that form of action it was sufficient to set out the facts from which the legal duty, relied upon

by the plaintiff as a basis for his recovery, arose; that it was not necessary to set forth in terms what that duty was.

In an action of assumpsit, however, as in the case at bar, the legal obligation springs from the promise, in this case implied by law from the facts, to repay the purchase or exchange price, and not from the breach and rescission alone. The promise to repay, though implied, is as much a necessary fact to be alleged as the breach and rescission. Without such allegation, or its equivalent, which is not found in this declaration, an action of assumpsit in any form will not lie.

Having sustained the defendant's exception to the overruling of the demurrer, a disposal of the case here does not require consideration of the second exception; but the question raised by it involves a matter of procedure over which some uncertainty and confusion has arisen, viz.: whether upon exceptions being taken to the ruling on a demurrer in the Supreme Judicial Court, the case is at once marked "Law" on the docket and continued until the Law Court shall have passed on the issues raised by the demurrer, or whether the case shall be proceeded with at nisi prius to a verdict on the facts as though no exceptions had been taken, as in the Superior Courts and in the Supreme Court in the case of dilatory pleas. Chap. 82, R. S., Secs. 58, 94.

The question raised by this exception involves the interpretation of Sec. 36, Chap. 87, R. S. Notwithstanding the dicta in *Wakefield* v. *Littlefield*, 52 Maine, 21, that the better practice in such cases is to proceed with the trial and settle the disputed facts before the validity of the demurrer is finally determined, the language of the statute and its legislative history, and the construction placed upon it by the court in more recent cases indicate clearly, we think, that when a demurrer is filed and joined in the Supreme Judicial Court, whether sustained or overruled, and exceptions are once taken and allowed, the case is then marked "Law" on the docket and is continued and no further action is taken at *nisi prius* until a decision is received from the Law Court upon the issues raised by the demurrer, when at the next term, on or before the second day, unless the time be further extended by the court, the plaintiff may amend if the demurrer be sustained, or the defendant may plead anew, if it be overruled, provided it was filed at the first term, or if filed at a later term a stipulation was made at the time of filing

and assented to by the court and plaintiff, that the defendant might plead anew. *Fox* v. *Bennett*, 84 Maine, 338.

Under Chap. 219, Sec. 4, Public Laws, 1823; Secs. 17 and 18, Chap. 96 R. S., 1841, and Chap. 242, Public Laws, 1852, Sec. 8, it may well be that doubts had arisen as to the proceedings in case of exceptions to rulings upon demurrers. In 1856, however, Public Laws, Chapter 211, which Act forms the basis of Section 36, Chapter 87 of the present Revision of the Statutes, the proceedings upon demurrers in the Supreme Judicial Court was definitely determined. Under this act, in the light of later legislation, it was clearly contemplated that upon the filing of exceptions to the ruling of the court at *nisi prius* upon a demurrer, the case was continued and any amendment by the plaintiff or pleading over by the defendant awaited the decision of the Law Court upon the issues raised by the demurrer.

This is rendered more certain by Chapter 55, Public Laws, 1857, which declared that the ruling of the presiding Justice at *nisi prius* on a demurer shall be final, unless exceptions are taken, and so the law is found in the revision of 1857, Chapter 82, Section 19.

Until the enactment of Chapter 73, Public Laws, 1859, the ruling of the presiding Justice at *nisi prius* settled the case, unless his ruling were reversed by the Law Court on exceptions, when the plaintiff might amend or the defendant plead anew if the provisions of the act were complied with, unless, of course, the Law Court found that his demurrer was frivolous. By Chapter 73, Public Laws, 1859, the presiding Justice at *nisi prius* was given the same power, before exceptions were filed and allowed to his ruling on a demurrer, to allow amendments, or the defendant to plead anew, as the Law Court had under Sec. 19, Chap. 82, R. S., (1857), but it was optional with the parties whether they would request the right to amend or plead over without filing exceptions, and discretionary with the Justice ruling at *nisi prius* whether he would grant it; and the law so remained through the several revisions to the present day, except that the court may now, since Chapter 115, Public Laws, 1915, extend the time for the payment of costs and filing of amendments and new pleadings.

It was not intended by Chapter 73; Public Laws, 1859, to change the course of proceedings on demurrer. By amending or pleading anew the party so doing and going to trial must be held to have

waived his right to except; and by excepting without amending or pleading over the legislature evidently intended that he should be accorded the right to have the sufficiency of the declaration determined before proceeding further at *nisi prius.*

` Although the question has not been directly in issue the court has in several instances indicated the above as the course of procedure under this provision of the statutes. See *Smith* v. *Hunt,* 91 Maine, 572; *Copeland* v. *Hewett,* 93 Maine, 556; *Cole* v. *Cole,* 112 Maine, 315; *Gilbert* v. *Cushman,* 113 Maine, 525; *Stowell* v. *Hooper,* 121 Maine, 152.

It is not sufficient to warrant the interpretation contended for by the plaintiff to say that the case should first proceed to a verdict in order that the decision of the Law Court may be final; for such might not be the result in the Supreme Judicial Court under Sec. 36 of Chap. 87, R. S. Even if the defendant could plead anew and go to trial without waiving his exceptions, a sustaining of his exceptions by the Law Court after verdict against him would only send the case back for a new trial under an amended declaration, if amendable. Such might be a sufficient answer under Sec. 94, Chap. 82; but not under Sec. 36, Chap. 87, R. S.

The exceptions to the order of the court directing the parties to proceed to trial is, therefore, sustained, leaving the plaintiff to his right to amend under the statute.

Entry will be:

*Exceptions sustained.*