LEO HUTCHINS

*vs.*

ALBERT E. LIBBY, EXECUTOR

UNDER WILL OF JOHN C. ADAMS

Cumberland.   Opinion, December 30, 1953.

372

*Agger & Goffin,*
*Nathaniel W. Haskell,* for plaintiff.

*Benjamin Thompson,*
*Welch & Welch,*
*Clifford E. McGlauflin,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

FELLOWS, J. This is an action of assumpsit on *quantum meruit* for alleged labor and services rendered to the defendant's testator in his lifetime. The writ is dated May 17, 1952 and was entered at the June Term 1952 of Superior Court in the County of Cumberland. A general demurrer

was filed by the defendant at the return term which demurrer was sustained. Exceptions by the plaintiff were taken to the Law Court and these exceptions were overruled. See *Hutchins* v. *Libby, Exr.*, 148 Me. 433. At the term of the Superior Court next following the decision of the Law Court, viz.: at the April term 1953, the plaintiff was allowed to amend, and filed an amended declaration. At the June Term 1953 of the Cumberland Superior Court, the defendant filed a special demurrer to the amended declaration, and hearing was had thereon at the said June term. The defendant at the time of filing his special demurrer did not stipulate or reserve the right to plead, if the demurrer should be overruled.

The presiding justice overruled the special demurrer and at the same time granted leave to the defendant to plead as follows:

"28d. Hearing had July 6 A.D. 1953. 29d. Demurrer is overruled. Defendant is accorded leave to plead over." Then follows the following notation under date of July 7, 1953: "Exceptions noted and allowed for plaintiff and defendant." The docket entry made in the vacation following is "July 28, 1953 Plaintiff's Extended Bill of Exceptions filed and allowed." The defendant waived his right to exceptions and filed no bill.

The plaintiff says in his bill of exceptions, after reciting the foregoing facts showing how the question arose, "The Plaintiff now complains of said ruling of the Single Justice in overruling said demurrer and granting leave to the Defendant to plead anew, with respect only, however, to that portion thereof of said decree as grants leave to the Defendant to plead over, and files this Bill of Exceptions thereto, because the ruling in that respect is erroneous in law and the Plaintiff is aggrieved thereby, as follows:

1. The ruling complained of fails to recognize that when a demurrer be overruled, the right of the defendant to plead

anew is conditional on the fact that (1) the demurrer was filed at the first term, or (2) if filed at a later term, a stipulation was made at the time of filing and assented to by the court and the plaintiff that the defendant might, if demurrer be overruled, plead anew."

The exceptions by the plaintiff raise this question: Did the presiding justice, after demurrer filed at a term later than the first term and which he overrules, have discretionary authority at the same term to grant leave to the defendant to plead over, without a previous request or stipulation?

The statute says:

"A general demurrer to the declaration may be filed; and in any stage of the pleadings either party may demur, and the demurrer must be joined, and it shall not be withdrawn without leave of court and of the opposite party; but the justice shall rule on it, and his ruling shall be final unless the party aggrieved excepts; and before exceptions are filed and allowed, he has the same power as the full court to allow the plaintiff to amend or the defendant to plead anew. If the law court deems such exceptions frivolous, it shall award treble costs against the party excepting from the time the exceptions were filed. If the declaration is adjudged defective and is amendable, the plaintiff may amend upon payment of costs from the time when the demurrer was filed. If the demurrer is filed at the first term and overruled, the defendant may plead anew on payment of costs from the time when it was filed, unless it is adjudged frivolous and intended for delay, in which case judgment shall be entered. At the next term of the court in the county where the action is pending, after a decision on the demurrer has been certified by the clerk of the law court to the clerk of such county, and not before, judgment shall be entered on the demurrer, unless the costs are paid and the amendment or new pleadings filed on the 2nd day of the term; but by leave of court the time therefor may

be enlarged, or further time may be granted by the court within which to pay said costs and to file such amendment or new pleadings." Revised Statutes 1944, Chapter 100, Section 38.

There is no similar statute relating to a demurrer in criminal cases. The common law rule in criminal cases is given in *State* v. *Cole,* 112 Me. 56, where it is held that in misdemeanor cases when demurrer is filed to a complaint and overruled, "the right to plead over cannot be had by merely 'reserving.' It must be granted by the Court." *State* v. *Munsey,* 114 Me. 408, 411. Whether in felony cases the judgment may be *respondeat ouster* is not free from doubt. See *State* v. *Merrill,* 37 Me. 329, 333; *State* v. *Norton,* 89 Me. 290; and also *State* v. *Dresser,* 54 Me. 569.

At common law a party to a civil action had the right to raise a question of law by formally admitting the facts stated by his adversary in declaration or pleading, or he had the right to make contest on the facts. In the early days a party had to decide whether he would raise a question of law by demurrer to the written statements contained in the declaration or pleadings of his opponent, or to try his case on the facts to be presented in court. In other words, he could "tender an issue in fact or tender an issue in law." He was generally bound by the result of his choice, and judgment was rendered thereon. Amendments could under some circumstances be made at the discretion of the court on reasonable terms and on payment of costs. See Stephen on Pleading, 5th American Edition (1845) pages 44, 54, 58, 62, 146; 3 Blackstone, 314; *Blanchard* v. *Hoxie* (1853), 34 Me. 376; Revised Statutes of Maine (1841), Chap. 115, Sec. 20. See generally 41 Am. Jur. "Pleading," 436, Sec. 204 and following sections, 71 C. J. S. "Pleading," 570, Sec. 274 and following sections.

The original statute, permitting amendments and pleading anew, after demurrer filed in a civil suit, was passed in order to mitigate the severity of common law pleading, and

also to avoid working an injustice to the parties through the ignorance, inexperience, or bad judgment of an attorney. This act was Chapter 211 of the Public Laws of 1856. This was an amendment to Revised Statutes 1841, Chap. 115, Sec. 20 (which was declaratory of the common law and authorized a demurrer to be filed at any stage of the proceedings). The right to pass upon a demurrer was conferred upon the presiding justice the following year. Public Laws of 1857, Chapter 55, Section 3. The provisions of both of these statutes were incorporated in the Revision of 1857, as Chapter 82, Section 19. The power to grant leave to amend or to plead anew was apparently reserved to the Law Court, because in 1859 the power "that the full Court has" to grant leave to amend or to plead anew was conferred upon the presiding justice. Public Laws of 1859, Chapter 73. This act was additional to Section 19 of Chapter 82 of the Revised Statutes of 1857. Since this enactment, the presiding justice apparently has the "same power to allow the plaintiff to amend or the defendant to plead anew that the full court has." See Revised Statutes 1944, Chap. 100, Sec. 38 above quoted. See *Tripp* v. *Motor Corp.*, 122 Me. 59, 61, where the court say "the Court may now, since Chapter 115, Public Laws 1915, extend the time for the payment of costs and filing of amendments and new pleadings." See also *Tibbetts* v. *Ordway Co.*, 117 Me. 423.

We find no case in Maine that decides that the court has the power in a civil suit to allow pleadings to be filed at a later term, without a prior reservation and consent of court and the opposite party, and no such case has been called to our attention. In fact all the decisions indicate the contrary.

In *Fryeburg* v. *Brownfield*, 68 Me. 145, 147 (decided in 1878), Walton, J., says: "The defendants complain because they were not allowed to withdraw their demurrer and plead anew, after it had been joined by the plaintiffs and ruled upon by the presiding judge. This complaint is groundless. A demurrer, not filed at the first term, cannot be withdrawn

without leave of the court and of the opposite party. 'If the demurrer is filed at the first term and overruled, the defendant may plead anew on payment of costs from the time it was filed, unless it is adjudged frivolous and intended for delay, in which case judgment shall be entered.' But when, as in this case, the demurrer is not filed at the first term, and leave of the court and of the opposite party to withdraw it is not obtained, no such right exists. The judgment in such a case is final."

In the case of *Fox* v. *Bennett*, 84 Me. 338, 340 (decided in 1892), when a defendant at the time of the filing of a demurrer to the declaration subsequent to the first term, expressly stipulates that he shall have leave to plead anew upon payment of costs, if the demurrer be overruled, and the court assents to such stipulation in the presence of and without objection from the plaintiff, the court has the power to carry out its stipulation and receive the plea, otherwise the court "might have had no power." The court say: "We only hold, however, that under the circumstances of this case the court has the power to permit the defendant to plead anew. Whether it is proper to exercise that power is for the justice presiding at nisi prius."

When a plaintiff's demurrer to a brief statement is sustained, the general issue having been pleaded and joined, the action will stand for trial upon the general issue, unless the court at *nisi prius* shall allow further plea. *Corthell* v. *Holmes*, 87 Me. 24, where on plaintiff's demurrer to plea in abatement which defendant joined, and which demurrer the presiding justice sustained, *held* that defendant waived right to answer further. *Furbish* v. *Robertson*, 67 Me. 35, but this case is overruled in *Stowell* v. *Hooper*, 121 Me. 152, 156, and other cases distinguished. See also *Wakefield* v. *Littlefield*, 52 Me. 21.

In *Stowell* v. *Hooper*, 121 Me. 152, 155, the court held that when a demurrer to a plea in abatement is sustained

the judgment is *respondeat ouster* i. e. that the defendant answer further. Filing exceptions to the sustaining of such demurrer is not a waiver of the right to plead anew. Neither is the erroneous certifications of the case to the Law Court. The court say "surely it is not necessary for a party to ask leave to do what the court has by its judgment ordered him to do."

. In *Robert* v. *Niles,* 95 Me. 244, 246 (decided in 1901), where the demurrer was overruled, the court say: "As this demurrer was not filed at the first term, the judgment for the plaintiff must be final at the next term after this decision has been certified to the clerk, unless at the term when the demurrer was filed leave was obtained to plead anew, as to which the case is silent."

The opinion in *Winthrop Savings Bank* v. *Blake,* 66 Me. 285 is as follows: "Walton, J. This action was entered at the March term, 1876. At the March term, 1877, the defendants filed a general demurrer to the plaintiff's declaration. The demurrer was overruled, and the defendants thereupon moved for leave to plead anew. The motion was refused, and to this refusal the defendants filed exceptions. The court is of opinion that the exceptions must be overruled. The demurrer not having been filed at the first term, leave to plead anew could not be claimed as a legal right. R. S., Chap. 82, Sec. 19. The motion was addressed to the discretion of the presiding justice; and to the exercise of a discretionary power, exceptions do not lie." See *Fryeburg* v. *Brownfield,* 68 Me. 145, opinion written by Justice Walton a year later.

In the decision of *Palmer* v. *Blaine,* 116 Me. 524 (decided in 1917) it is held: "Where a demurrer is not filed until the second term, *and no leave to plead anew is granted,* the defendant has no right to plead anew after the demurrer has been overruled. In such case judgment is to be entered for the plaintiff." See also *Tibbetts* v. *Ordway Plaster Co.,* 117

Me. 423; *Clark* v. *Boyd,* 119 Me. 530; *Tripp* v. *Motor Corp.,* 122 Me. 59, 63.

In the case of *Clark* v. *Boyd,* 119 Me. 530, 534, after holding that the demurrer was properly overruled, the court said: "The demurrer having been filed at the second term without reserving the right to plead over the judgment should be final at the next term. Sec. 36, Chap. 87, R. S., Fryeburg v. Brownfield, 68 Me. 145; Fox v. Bennett, 84 Me. 338; Rollins v. Power Co., 112 Me. 175; Furbish v. Robertson, 67 Me. 38. *Exceptions overruled. Final judgment for the plaintiff at the next term after receipt of this mandate."*

It is fundamental that in construing a statute the intention of the legislature should be ascertained and carried out. *Acheson* v. *Johnson,* 147 Me. 275. The history of a statute may help to indicate intent. *Cushing* v. *Bluehill,* 148 Me. 243; *Roy C. Knapp, Aplt.,* 145 Me. 189, 194. A statute reenacted after a judicial construction is presumed to take the judicial construction. *Bennett* v. *Bennett,* 93 Me. 241.

The history of this statute has been carefully considered, with the history of amendments and the contemporaneous decisions, and the court is of the opinion that the rule is established that a demurrer to the declaration in a civil suit may be filed at the first term, and if overruled, the defendant has the *right* to plead anew on payment of costs, unless the demurrer is "frivolous and intended for delay." If a demurrer is not filed until a later term, there must be a stipulation and court order permitting the defendant to plead over if overruled. If the right to plead anew has not been previously reserved and consent given by the court and expressly or impliedly by the opposite party at or before the time when demurrer is filed at the later term, the defendant may not plead anew when the demurrer is overruled, and judgment should be entered.

This is no new construction of the statute and no new rule. It is the construction that has been recognized by the law-

yers of Maine for at least two generations. See Spaulding's Practice in Civil Actions (Portland 1881), Chapter XX. The legislature has not considered it necessary, in view of this well known judicial construction, to extend the statute by amendment when it has been reenacted.

In this case, the plaintiff must be heard, and the defendant is entitled to be heard, in damages. It is only such damages as may be proved, for which final judgment can be entered. Damages will be assessed either by the court, by a jury, or by a master appointed by the court. The plaintiff only has the right to demand a jury. *Hanley* v. *Sutherland,* 74 Me. 212; *Cummings* v. *Smith,* 50 Me. 568.

*Exceptions sustained.*

*Case remanded for entry of judgment for plaintiff at the next term and for assessment of damages.*